[Filed April 24, 1887.]

# FREDERICK WILLER, RESPONDENT, *v.* THE OREGON RAILWAY AND NAVIGATION COMPANY, APPELLANT.

PRESUMPTIONS AFTER VERDICT.—If the complaint contains any allegations under which any evidence might have been introduced which would have authorized the verdict given, this court is bound to presume that such evidence was actually introduced, and that the verdict was based thereon.

PROFITS—SPECULATIVE DAMAGES.—Generally too remote to furnish a basis for recovery.

CASE IN JUDGMENT.—Where the entire tenor of the complaint showed the object of the action was to recover damages for the wrongful deprivation of the use of land, the court will give it that construction after verdict, although the gains from the use of the lands are called *profits.*

APPEAL from Multnomah County.

*Dolph, Bellinger, Mallory & Simon,* for Appellant.

1. There can be no recovery based upon the *net profits* of the farm. (*Rhodes* v. *Baird,* 16 Ohio St. 573; *Griffin* v. *Colver,* 16 N. Y. 489; *Barnard* v. *Poor,* 21 Pick. 381; *De La Zerda* v. *Korn,* 25 Tex. Sup. 188.)

2. The general damages laid in the declaration in the ordinary form is distributable over the general counts in the declaration. (1 Sutherland on Damages, 760.)

3. It was error to render a judgment larger than is recoverable under the allegations of the complaint.

*G. G. Ames,* for Respondent.

1. That the twenty acres of land are rendered of no value is a proper element of damages. (*Tippen* v. *Ward,* 5 Or. 450; *Marsh* v. *Trullinger,* 6 Or. 356.)

2. The third assignment of damages is a proper and sufficient allegation of damages, and will sustain a judgment.

3. Had improper evidence been submitted, prejudice would have appeared in a bill of exceptions. Evidence of profits are often allowed as an element of damages. (*Nebraska City* v. *Campbell,* 2 Bland, 590; *P. W. & B. R. R. Co.* v. *Howe,* 13 How. 307, 344.)

4. The objection comes too late after verdict and judgment. (Pomeroy's Rem. and Rem. Rights, §§ 435, 549, 566; Bliss on Code Pleading, §§ 438, 442; see especially § 439; *Davidson* v. *O. & C. R. Co.* 11 Or. 136; *David* v. *Waters,* 11 Or. 448; *Osborn* v. *Graves,* 11 Or. 526.)

STRAHAN, J.—On the trial of this cause in the court below the plaintiff recovered a judgment for six hundred dollars. The only material question presented on this appeal is whether or not the allegations of the complaint are sufficient to sustain the judgment. As much of the complaint as is necessary to be stated is as follows: "That the plaintiff, prior to the time above mentioned, had two steamboat landings on the banks of the Colum-

bia River and on the premises described in the pleadings, and
that the steamboats which navigated the said river were accus-
tomed to land thereat and to discharge supplies for the plaintiff,
and to take on his farm produce, and to ship the same therefrom;
that one of the said landings was at a point adjacent to the west
side of the projection and elevation known as Table Rock, and
was used as a landing place as aforesaid by the plaintiff at the
time of low water; that the other one of said landings was at a
point about four hundred and thirty feet west of the first-men-
tioned landing, and was the terminus of a certain county road,
and was used by the plaintiff in time of high water for the purpose
aforesaid.   That the plaintiff had, prior to the twenty-eighth
day of May, 1881, constructed, opened, and maintained a farm-
way or road from the said steamboat landing on his said prem-
ises to the southern portion of his said farm, connecting the said
landing with the improved portion of his said farm and the
buildings thereon.   That on or about the twenty-eighth day of
May, 1881, the plaintiff sold to the defendant, the said O. R.
& N. Co., the following estate in the above-described parcel of
land: 'A strip of land one hundred feet in width, being fifty
feet in width on each side of and parallel with the center line of
the main track of the O. R. & N. Co.'s railroad, as the same is
staked out and located over and across the above-described land
of Frederick Willer, to have and to hold the same unto the said
O. R. & N. Co., its successors and assigns forever, for the purpose
of building, operating, and maintaining a railroad thereon.'
That at the time of the said sale by the plaintiff to said O. R. &
N. Co., and as a part of the consideration therefor, the defendant
covenanted and agreed with the said plaintiff that it would con-
struct, provide, and maintain two wagon-road crossings across
the railroad track, by it to be constructed across the above-
described premises and across the land so conveyed by the said
plaintiff to the defendant.   That by the said agreement one of
said wagon-road crossings was to be near the western base of
Table Rock just west of the point where tunnel No. 1 pierces
said Table Rock, and at a point where said right of way crossed
said farm-way of plaintiff, and the other crossing was agreed to

be where the county road crossed the said railroad line at a point about five hundred feet west of the base of said Table Rock; that pursuant to said contract of sale and purchase the defendant entered upon said premises in the year 1881 and constructed its railroad thereon and across said premises; that the defendant failed and neglected to construct or provide the wagon-road crossings, or either of them, pursuant to the terms of said agreement, or at all, or maintain the same.

"That at the points where said railroad crosses said farm-way of the plaintiff, the said railroad track is elevated above the level of the earth adjacent thereto about thirty feet, and that within the limits of said one hundred feet aforesaid, so granted by plaintiff to defendant, the embankment leading to the top of the railroad track rises at an angle of more than forty-five degrees; that the said embankment within said one-hundred-foot limit is rocky, rough, and inaccessible for wagons and teams. That the railroad is so constructed, that at the points of said crossing of the said farm-way, it wholly cuts off the plaintiff from all access to the Columbia River; that said railway track separates the farm of the plaintiff into two tracts; that between said railroad track and the Columbia River, the plaintiff owns a tract of about twenty acres of pasture and meadow land, and that the same was of the value of twenty dollars per acre; that said farm-way was and is the only means of access to said twenty-acre tract, and that said railroad has cut off the said land and rendered the same inaccessible and of no value. That the use of said twenty-acre tract was reasonably worth the sum of fifty dollars per annum; that since the defendant entered upon the premises aforesaid and commenced the construction of its railroad, the use of said tract of land has been worth nothing by reason of the same; that on the south side of said railroad track the plaintiff had cleared and improved a portion of his farm and erected his farm buildings thereon; that the farm-way above mentioned was the only means of access to the Columbia River; that plaintiff has no other road or means of access to his said farm other than by the Columbia River, by means of steamboats; that the defendant by constructing its railroad in the manner aforesaid, and by failing and neg-

lecting to construct and maintain the said crossings over its road, cut the plaintiff off from market and from all communication with the Columbia River and the steamboats plying thereon; and the plaintiff was damaged thereby in the sum of seven hundred and fifty dollars, in the manner following, to wit: That at the time the defendant entered upon and took possession of the premises in the manner aforesaid, the net profits of the said farm of the plaintiff were reasonably worth seven hundred and fifty dollars, from the twenty-eighth day of May, 1881, to the present time; but that the defendant by cutting off all access to the said farm, and by depriving the plaintiff of access to market, deprived the plaintiff of all profits therefrom, and *rendered the possession thereof of no value to the plaintiff.* That the plaintiff has been damaged by the failure of the defendant to construct and maintain the crossings aforesaid in the sum of fourteen hundred dollars."

No exceptions were taken upon the trial either to the admission or exclusion of evidence, or to instructions given to the jury or refused. Nor is it now claimed or pretended that there was any error committed by the court in any of these particulars.

The errors assigned in the notice of appeal are:—

1. Error of the court in denying the defendant's motion for a new trial.

2. Error of the court in rendering judgment for the plaintiff for any other or greater sum than two hundred and fifty dollars.

3. Error of the court in rendering judgment herein.

The first and third errors assigned were not insisted upon at the argument, and we therefore think it unnecessary to notice them.

*Damages — Pleading.* The second assignment of error is the only one relied upon. On the argument, counsel for the appellant insisted that the complaint, properly construed, would allow the plaintiff to recover for the use of twenty acres of land for five years at fifty dollars per year, and that it was not broad enough to include any other items of damages. In this counsel for appellant is mistaken. It is true there is a great deal of surplusage in the complaint, and its real force is weakened by its redun-

dancies; but after verdict, if there are any allegations in the complaint under which evidence might have been introduced which would have justified the verdict, we are bound to presume it was introduced and that the verdict is based thereon. The general rule on the subject of recovering profits as damages is undoubtedly as contended for by counsel for appellant. They are speculative and too remote to furnish the basis of a recovery; but this rule is not without its exceptions. But in this case the allegations of the complaint, or some of them, were broad enough to admit a wider inquiry upon the trial than that contended for by appellant. Besides this we think after verdict, and for the purpose of overthrowing it, the allegations of the pleadings ought not to receive a narrow or illiberal construction, but on the contrary, it ought to be liberally construed with a view to substantial justice between the parties. (Civ. Code, § 83.) Taking this entire pleading together, and construing its allegations according to the requirements of the Code, the allegations in relation to the *profits* mean no more than that the *use* of said premises were worth the amount stated during the period specified.

The judgment appealed from must be affirmed.