[Filed May 14, 1888.]

## S. A. PURSEL, APPELLANT, v. R. W. DEAL, RESPONDENT.

PLEADING—CONSTRUCTION.—In the construction of a pleading, the ordinary rule is that it is to be construed most strongly against the pleader.

DORMANT JUDGMENT—MOTION FOR LEAVE TO ISSUE EXECUTION.—If five years are allowed to elapse after the entry of judgment without an execution having been issued thereon, no execution can thereafter issue on such judgment without leave of court.

LEAVE TO ISSUE EXECUTION—MOTION—SUMMONS.—To obtain such leave, the party must file his motion properly verified with the clerk, and cause a summons to be served on the judgment debtor in like manner and with like effect as in actions at law.

SUMMONS—PUBLICATION.—"If a cause of action exist against the defendant," and the other requisite facts mentioned in section 56 of the Code, the court or judge may order a summons to be served by publication.

"CAUSE OF ACTION."—The right of a judgment creditor to obtain leave of court to issue an execution on a judgment that has become dormant by lapse of time is "a cause of action," within the meaning of section 56 of the Code.

PARTY—ACTION RELATING TO REAL PROPERTY IN THIS STATE.—A proceeding to obtain leave to issue execution upon a dormant judgment is not "an action relating to real property in this State," within the meaning of section 56 of the Code.

VACATING SHERIFF'S RETURN.—If the court below acted irregularly in vacating the sheriff's return on execution, it furnishes no ground of complaint to the plaintiff unless he can show he was injured in some way.

APPEAL from Union County.

*T. H. Crawford,* for Appellant.

*Baker, Shelton & Baker,* and *G. G. Bingham,* for Respondent.

STRAHAN, J.—This is a suit to enjoin the enforcement of an execution issued out of the Circuit Court of Union County, Oregon, on a judgment therein, in favor of the respondent R. W. Deal, and against one G. H. Benson. It appears from the amended complaint that on the 3d of May, 1876, R. W. Deal recovered a judgment against G. H. Benson in said Circuit Court of Union County for $480.14, which was placed in the lien docket of said court; that on the seventeenth day of April, 1880, the plaintiff became the owner by purchase and conveyance from Benson of certain real property, situate in said county of Union, and that plaintiff now owns same in fee; that for more than five years after the entry of said judgment no execution was issued thereon; that on the 27th of September, 1883, Deal made application to said court by motion for leave to issue execution on said judgment; that after the filing of said motion Deal failed and neglected to cause a summons in said cause to be served upon said G. H. Benson, the judgment debtor therein, personally, and that in fact no personal service of said summons was ever had therein upon said judgment debtor, G. H. Benson, but on the contrary service of summons . . . . was had or attempted to be had by publication. That said motion and the affidavit for the publication of the summons therein failed to describe or assert that said original judgment of *R. W. Deal* v. *G. H. Benson* was a lien upon any particular real estate or property in this State. That thereafter the said Circuit Court, on the twenty-seventh day of May, 1881, made an order on said motion granting the same, and specifying the amount for which execution might issue, and caused the same to be entered and docketed as a judgment. That on the 3d of January, 1884, an execution was issued on said judgment, by virtue of which the sheriff of said county sold real property to Deal, and the execution was returned on the 26th of August, 1884, showing these facts.

On the 27th of September, 1886, upon the motion of R. W. Deal, and without notice to said G. H. Benson, the court made and caused to be entered upon the journal thereof an order, quashing, vacating, and holding for naught said return of said sheriff upon said execution. On the 30th of July, 1887, R. W.

Deal caused another execution to be issued on said judgment and placed in the hands of the defendant Hamilton, who is sheriff of said county, who has wrongfully levied the same upon the land which plaintiff purchased from Benson, and has advertised the same for sale to satisfy said execution, interest, and costs.

The amended complaint contains some other allegations not material to be stated. The defendants demurred and assigned two grounds of demurrer: (1) That the complaint does not state facts sufficient to constitute a cause of suit. (2) That there is a misjoinder of parties defendant therein. The court sustained the demurrer, and rendered a final decree dismissing the suit, from which the plaintiff has appealed.

1. The material question to be considered is the first one presented by the demurrer. This presents the general proposition that the complaint does not state sufficient facts to constitute a cause of suit. The main point relied upon by the plaintiff is that under the Code, after five years had elapsed from the date of the judgment without an execution having been issued thereon, it became dormant, so that no execution could be issued without leave of court, and that the statute regulating the method of procuring such order had not been complied with. The particular irregularity relied upon by the present plaintiff is that personal service was not made on Benson, "but on the contrary, service of the summons . . . . was had or attempted to be had by publication. That said motion and the affidavit for the publication of the summons therein failed to describe or assert that said original judgment of *R. W. Deal* v. *G. H. Benson* was a lien upon any particular real estate or property." This is the entire statement in the complaint of the supposed want of jurisdiction, and as a complete answer to it, it might be sufficient to say that it wholly fails to negative the fact or show that Benson did not appear on the hearing of said motion by himself or attorney, or that said proceeding was had or taken against him without notice; nor does it appear whether he was at the time a resident of the State or not; nor does it appear what was the particular ground or reason for ordering the publication of the summons.

In construing a pleading, the ordinary rule is that it is to be construed most strongly against the pleader, and if that rule be applied to this pleading, it is certain that it does not go far enough to show that in making the order complained of the Circuit Court of Union County acted without jurisdiction. But in presenting this case, the counsel on each side expressed the desire that the court would proceed to consider and decide it so as to determine the ultimate rights of the parties, disregarding any mere questions of form which might be amended, or which are not necessarily decisive of those rights. To reach that result it must be assumed that the complaint is full enough in its statements to negative every fact upon which jurisdiction could hinge except as to the publication of the notice. Waiving every other question, I will therefore proceed to examine the sufficiency of the publication so far as the facts are alleged in the complaint.

2. Section 295 of the Code provides that whenever after the entry of judgment a period of five years shall elapse without an execution being issued on such judgment thereafter, an execution shall not issue except as in this section provided. Then follows six subdivisions of said section, prescribing and regulating the mode of procedure to obtain leave of court to issue execution. The first subdivision provides that the party in whose favor judgment is given shall file a motion with the clerk, when the judgment is entered, for leave to issue an execution, and prscribes what the motion shall contain, and how subscribed and verified. Subdivision 2 of said section is as follows:—

"2. At any time after filing such motion the party may cause a summons to be served on the judgment debtor in like manner and with like effect as in an action at law. In case such judgment debtor be dead, the summons may be served upon his representatives by publication, as in case of non-resident, or by actual service of the summons."

Section 56 of the Code regulates the service of a summons by a publication. The substance of the requirements of that section are, that it must be made to appear to the satisfaction of the court, or judge, or justice of the peace in an action before

him, that the defendant cannot be served with summons in the manner prescribed by section 56 of the Code, and that he cannot after due diligence be found within the State; *and also that a cause of action exists against him*, or that he is a proper party to an action relating to real property in this State.

If either of these conditions exist, then such court or judge is authorized to order that the service of the summons be made by publication in either of the following cases: "(1) When the defendant is a foreign corporation and has property within the State, or the cause of action arose therein. (2) When the defendant, being a resident of this State, has departed thereform with the intent to defraud his creditors, or to avoid the service of summons, or with like intent keeps himself concealed therein, or has departed from the State and remained absent therefrom six consecutive weeks."

This statute is very plain and comprehensive in its terms, and was designed to cover every case wherein a suitor in the courts of this State is entitled to relief against any corporation or person therein specified. So that if it was made to appear to the satisfaction of the court or judge "that a cause of action existed against the defendant, *or* that he was a proper party to an action relating to real property in this State," and the other conditions enumerated in the section existed, the court was authorized to order the service by publication.

The complaint in the case now before the court is silent as to whether the other conditions required by the section existed or not; but according to the rule already adverted to for the construction of a pleading, it must be assumed that they did. The only jurisdictional objection, therefore, which is or can be relied upon to defeat the effect of this publication is, "that the motion and affidavit for the publication of the summons therein failed to describe or assert that said original judgment of *R. W. Deal* v. *G. H. Benson* was a lien upon any particular real estate or property in this State." This objection is clearly based upon the second alternative in the section, that is, that the defendant "is a proper party to an action relating to real property in this State"; but it entirely overlooks the other. Under the first, the

service of the summons may be had where it "appears that a cause of action exists against the defendant."

It is not alleged that this fact was not made to appear to the court or judge at the time the summons was ordered to be published; and therefore, in testing the sufficiency of this pleading, it is to be presumed that the fact did appear. This view necessarily assumes that the right in the plaintiff to have this judgment renewed after it had become dormant, so far as the power of enforcement extended as against Benson, "was a cause of action"; and I feel no doubt of its correctness. Unless it be so, the publication of the summons could not be had in cases where it is desired to obtain leave to issue execution. To obtain the order under the other clause of the statute, it would have to be made to appear that the defendant was "a proper party to an action relating to real property in this State," a conclusion which could not be sustained. It would be a strained and unreasonable construction to hold that a motion filed by a plaintiff to obtain leave to issue an execution on a dormant judgment is "an action relating to real property in this State."

This conclusion renders it unnecessary to decide the other question presented, but to avoid misapprehension on the subject, it may be proper to add that I have no doubt that the sheriff in whose hands the execution was placed for enforcement was a proper defendant in the suit. Nor do I think it necessary to advert to the action of the court in vacating the return of the sheriff.

The Circuit Courts necessarily have a very large discretion over their records, officers, and process, and it is their duty to see that their process is not abused, and that their officers when acting under process, do not exceed their authority. Unless an abuse of this power by the Circuit Court is clearly shown, this court would never interfere with its exercise. Nor does it appear that this plaintiff was in any manner injured or affected by its exercise in this particular instance. No difference how irregular may have been its exercise, or even the discretion of the court may have been abused, still it furnishes the plaintiff no cause of complaint unless he can show some injury.