[Filed November 3, 1890.]

JOSEPH GSCHWANDER, RESPONDENT, *v.* JOHN CORT, APPELLANT.

PLEADING—DEMURRER—ANSWERING OVER—VERDICT.—Where a defendant demurs to the complaint, which being overruled, answers over, and a verdict and judgment are rendered against him, the judgment will not be reversed on objection to the complaint on appeal, though some of its material allegations appeared to be legal conclusions, and the breaches in the writing declared upon were defectively assigned.

The plaintiff declares upon a contract as follows.

"CONTRACT.

"This agreement, made and entered into this twenty-sixth day of November, A. D. 1889, by and between John Cort, proprietor Standard theatre, Seattle, Washington, party of the first part, and Gschwander Trio, parties of

XIX. OR.—33.

the second part—witnesseth: That the party of the first part engages the parties of the second part for twelve weeks, commencing on December 9, 1889, and continuing to March 2, 1890, to enact their singing (Tyrolean warbling) and zither specialties at John Cort's circuit of theatres, at a weekly salary of ninety dollars ($90). In case that the performance of the undersigned should prove incompetent, or unsatisfactory to the party of the first part, said party of the first part shall have the right to *terminate this contract at any time and shall not be held liable for any damages for such termination* or for any wages after such termination. The said parties of the second part agree not to perform at any other place of amusement in said city previous to or during the time above stated, unless by permission of said party of the first part. It is understood and agreed to by both parties that the number of performances to be given each week shall be according to the custom of said place of amusement and city at which they may be required to appear, and on all holidays. And it is distinctly understood that performers' services belong to the management from the beginning to the close of each performance during their engagement. The parties of the second part engage and bind themselves unto the party of the first part for the time, terms and conditions above stated, and agree to aid and assist to the best of their ability in the capacity of vocalists—Tyrolean warblers; the engagement holding good until it has been faithfully fulfilled by the parties of the second part, or cancelled by the party of the first part for intoxication, vulgarity or infringement of the rules by the parties of the second part. It is further agreed that the sum of four and fifty one-hundreths dollars ($4.50-100) commission shall be deducted from the salaries of the said parties of the second part every week pending this agreement and the same forwarded at the expiration of each week to the Cricket Amusement Agency at San Francisco, California. If the parties of the second part are reëngaged, or the engagement is extended,

the commission to continue.    Witness our hands and seals
the day and year first above written.

> (Signed)        "JOHN CORT, per ——.            [SEAL.]
>                  "DOUTRICK & MCVEY, agents.   [SEAL.]
>                  "PROF. JOS. GSCHWANDER.      [SEAL.]

"SPECIALTY ARTISTS, TAKE NOTICE.—Send in your
business two weeks in advance to managers.    Do not
depend on us to do it."

The defendant demurred to the complaint for the reason
that the same did not contain facts sufficient to constitute
a cause of action, which being overruled he filed his
answer.    The defendant, after denying some of the alle-
gations of the complaint, alleged as new matter that
Spokane Falls was within the circuit of Cort's theatre,
and that the Tyrolean Warblers refused to go there to
perform when requested by Cort.    The reply admitted
that Spokane was within the circuit, but denied that Cort
requested the Warblers to perform there.    Upon these
issues a trial was had and a verdict and judgment given
for the plaintiff, from which this appeal was taken.    There
is no bill of exceptions, and the sole question presented is
whether the complaint states a cause of action.

*Alfred F. Sears, Jr.*, for Appellant.

*Alex. Bernstein*, for Respondent.

STRAHAN, C. J., delivered the opinion of the court.

The meaning of two clauses of the contract have been
presented, one by defendant and the other by plaintiff.
The defendant relies upon this clause of the contract:
"In case that the performance of the undersigned should
prove incompetent or *unsatisfactory to the party of the first
part*, said party of the first part shall have the right to
terminate this contract at any time, and shall not be held
liable for any damages for such termination or for any
wages after such termination."    The defendant claims that
he had a right under this part of the contract to terminate
it when he saw proper to do so, and of that he was made

the sole judge by the terms of the contract itself. The plaintiff contends that the foregoing clause is modified by this provision: "The engagement holding good until it has been faithfully fulfilled by the parties of the second part, or canceled by the party of the first part for intoxication, vulgarity or infringement of the rules by the parties of the second part." The rule of construction is, that each and every part of a contract must be so construed that all may have effect, if it can be done. Looking at this entire contract, and its manifest object, the first clause may properly be held to refer to the competency of the plaintiff's Tyrolean Warblers and their ability to give satisfaction to the defendant; and the other clause relates entirely to the personal conduct of the Warblers in and about the defendant's theatre. The two clauses relate to different subjects and were inserted for different purposes. The last clause does not in any way limit or affect the first. If the defendant had alleged in his answer that the performance of the Tyrolean Warblers proved incompetent or unsatisfactory to him, and that he terminated the contract for that reason, an altogether different question would have been presented. It would have then become necessary to determine whether or not the contract sued on is within the principle announced in *Zaliski* v. *Clark,* 44 Conn. 218; 26 Am. Rep. 446; *Brown* v. *Foster,* 113 Mass. 136; 18 Am. Rep. 463; *McCarren* v. *McNulty,* 7 Gray, 139; *Bucksport etc. R. Co.* v. *Inhab. of Brewer,* 67 Me. 295; *Plano Mfg. Co.* v. *Ellis,* 68 Mich. 101; *Gibson* v. *Cranage,* 39 *id.* 40; *Hoffman* v. *Gallagher,* 6 Daly, 42; *Gray* v. *Central R. R. Co.,* 11 Hun, 70; *Wood R. & M. M. Co.* v. *Smith,* 50 Mich. 565; 45 Am. Rep. 57; Benjamin on Sales (Bennett Ed.), pp. 560, 561, note; *Singerly* v. *Thayer,* 108 Pa. St. 291; 54 Am. Rep. 715, and note. But the defendant did not make this question in his answer. He tendered a different issue altogether, and having been defeated on it before the jury, seeks to try a different question in this court. It is true the complaint is somewhat faulty in the manner of assigning breaches of the contract sued on. It is alleged that the defendant wrongfully and without cause discharged

plaintiff and his "Gschwander Trio" and refused to permit them to serve as aforesaid, though they were ready and willing to serve. It would have been better pleading to have followed the wording of the writing in assigning breaches, but we are not trying this case now on demurrer, but are considering the sufficiency of the complaint after verdict. In such case a more liberal intendment prevails in support of the judgment and which we think ought to be invoked in this case. *Aiken* v. *Coolidge,* 12 Or. 244; *Houghton* v. *Beck,* 9 Or. 325; *Andros* v. *Childers,* 14 Or. 447; *Willer* v. *O. R. & N. Co.,* 15 Or. 153.

It follows that the judgment appealed from must be affirmed.