Argued January 29; decided February 24, 1896.

## NICOLAI *v.* KRIMBEL.

[43 Pac. 865.]

PLEADING—AIDER BY VERDICT*—CODE, § 106.—After a verdict a complaint will be held sufficient, if by fair and reasonable intendment it contains allegations under which all the absolutely necessary facts could have been introduced: *Davidson* v. *Oregon and California Railroad Company*, 11 Or. 136, and *Aiken* v. *Coolidge*, 12 Or. 244, cited and approved. Thus, a complaint on an account alleging that defendant is indebted to plaintiff in a given sum for goods sold, delivered and not paid for, will be good after verdict, although it does not state the date of the sale, or the reasonable value or agreed price of such goods, or the terms of payment, where an itemized statement was furnished to defendant, and he admitted the delivery of the goods, but claimed they had been paid for. Under these circumstances defendant has not been substantially injured, and technical defects should be disregarded: Code, § 106.

This case comes here on appeal from a judgment given in favor of defendant notwithstanding a verdict of the jury adverse to him. The facts are that on December eleventh, eighteen hundred and ninety-three, the Nicolai Brothers Company commenced an action against the defendant Jacob Krimble in the justice's court by filing a complaint which, *inter alia*, alleged "That defendant is indebted to plaintiff in the sum of ninety-two dollars and twenty-five cents, on account of certain goods, wares, and merchandise sold and delivered by plain-

*The following is believed to be a complete collection of the Oregon authorities on the subject of aiding defective pleadings by verdict: *Houghton* v. *Beck,* 9 Or. 325; *Davidson* v. *Oregon and California Railroad Company,* 11 Or. 133; *Aiken* v. *Coolidge,* 12 Or. 244; *Weiner* v. *Lee Shing,* 12 Or. 276; *Fisk* v. *Henarie* 13 Or. 156; *Andros* v. *Childers,* 14 Or. 447; *Miller* v. *Oregon Railway and Navigation Company,* 15 Or. 153; *McKay* v. *Musgrove,* 15 Or. 162; *Gschwander* v. *Cort,* 19 Or. 513; *Miller* v. *Hirschberg,* 27 Or. 522. For cases of defects cured by opponent's pleading see *Turner* v. *Corbett,* 9 Or. 79; *Ferrera* v. *Parke,* 19 Or. 141.—RE-PORTER.

tiff to defendant at the special instance and request of defendant, amounting to the said sum of ninety-two dollars and twenty-five cents; that the said sum of ninety-two dollars and twenty-five cents is now due and owing, and the same has not been paid nor any part thereof." On the fourteenth day of December, as demanded by the defendant, plaintiff furnished him a copy of the account upon which the action was brought, which gave the items, date, character, and value thereof. On the next day the defendant, without objecting to the form or sufficiency of the complaint, answered, denying the allegations therein contained, and for an affirmative defense averred, in substance, that on July twenty-fourth, eighteen hundred and ninety-three, plaintiff and defendant entered into an agreement by which the plaintiff was to furnish the defendant certain goods, wares, and merchandise, including those referred to in the complaint, as shown by the itemized statement thereof, for use in the erection of a certain church building, for a gross sum of six hundred and eight dollars and that the same had been fully paid before the commencement of the action. The reply admits the contract referred to in the answer, but denies that the work and material for which the action was brought was included therein or as a part thereof, and alleges that the goods, wares, and merchandise referred to in the complaint were not included in said contract, but were furnished the defendant outside of the contract and in addition to those to be furnished thereunder. After two trials in the justice's court and two in the cir-

cuit court, a verdict was finally rendered for plaintiff for the amount sued for. Thereupon defendant filed a motion for judgment notwithstanding the verdict, upon the ground that the complaint did not state a cause of action. This motion was sustained, and plaintiff appeals.                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Arthur C. Emmons*, urging these points:

The question for consideration on this appeal is one of practice more than of pleading. It must be admitted that the complaint is not a model one, and is, standing by itself, somewhat defective; but taken with the itemized account filed at the request of the defendant, and the answer and reply filed in the case, there is and can be no valid objection to it after verdict; at least, to the extent of allowing the defeated party judgment *non obstante veredicto*. It must be admitted, it seems to us, that all possible objections to the complaint could have been supplied by amending the complaint so as to conform to the facts, without changing the cause of action shown by the complaint to have been sued upon. This being so, the objections urged against the complaint are merely technical, and wholly wanting in merit, after trial and verdict. If the defendant could successfully plead *res judicata*, when sued again upon the cause of action defectively plead in the complaint, the conclusion is irresistible, it seems to us, that there is a cause of action stated in the complaint, within the evident meaning and intent of ser'ion 71 of the Code; and this being so, the court

below erred in allowing defendant's motion for judgment *non obstante veredicto*. A defective allegation of a fact is cured by a verdict: *Hentsch* v. *Porter*, 10 Cal. 555; 3 Estee's Pleadings, § 4698; *Hoppe* v. *Stout*, 2 Cal. 460; *Garland* v. *Davis*, 4 How. 131; *People* v. *Raims*, 23 Cal. 127; *Garner* v. *Marshal*, 9 Cal. 268. After verdict, defects in substance in the declaration are cured if the issues joined be such as necessarily require on the trial proof of the facts defectively or imperfectly stated, or omitted, and the court will presume that the facts were proved: *Mills* v. *Barney*, 22 Cal. 240; *Jones* v. *Bleck*, 30 Cal. 227. Where a cause of action in favor of the plaintiff against the defendant may be fairly gathered from the averments of the complaint, the complaint should be held sufficient after judgment: *Wilcox* v. *Jamison*, 36 Pac. 902; *Mulock* v. *Wilson* (Colo.), 36 Pac. 532. All merely technical objections to a complaint are waived by failure to demur: *Dennison* v. *Chapman*, 39 Pac. 61. The want of allegations and formal defects which might be set up by an amendment, is cured by verdict: *Davidson* v. *Oregon and California Railroad Company*, 11 Or. 136; *Rittenhouse* v. *Knoop*, 36 N. E. 384. An objection that the complaint does not state the time when the cause of action arose will not be sustained where there was no demurrer and no plea of the statute of limitations: *Allen* v. *Haley* (Cal.), 20 Pac. 90. After verdict a defect in pleading, to avail, must go to the foundation of the right of action. It must be more than a mere defect: *Aiken* v. *Coolidge*, 12 Or. 244. A defendant waives his objection to any ruling

of the court as to the form of the pleading by answering and going to trial: *Anderson* v. *North Pacific Lumber Company,* 21 Or. 281.

Defects in a complaint to which no demurrer was interposed are cured by verdict, if sufficient other facts were stated in it to bar another action for the same cause: *Miller* v. *Thorpe,* 3 Pac. 891; *Town of Ladoga* v. *Linn,* 36 N. E. 159; *Hassleman Printing Company* v. *Fry,* 35 N. E. 1044; *Duffy* v. *Carman,* 28 N. E. 454; *Colchin* v. *Ninde,* 22 N. E. 94. The court on appeal not only takes into consideration the complaint, but the entire record: *Benicia Agricultural Works* v. *Creighton,* 21 Or. 495; *Tolmie* v. *Watson,* 23 Or. 604. Judgment *non obstante veredicto* should never be granted except in a very clear case: *Friendly* v. *Lee,* 20 Or. 202; 2 Tidd's Practice, 922. After verdict the allegations of a complaint should not receive a narrow or illiberal construction, but, on the contrary, it ought to be liberally construed, with a view to substantial justice between the parties: *Willer* v. *Oregon Railway and Navigation Company,* 15 Or. 1005; *McCay* v. *Musgrave,* 15 Or. 162; *Gschwander* v. *Cort,* 19 Or. 513.

For respondent there was an oral argument and a brief by *Mr. Robert C. Wright,* urging these points:

The itemized account, which appellant claims cures its complaint, was never made a part thereof. It filed its written complaint purporting to allege a cause of action, and it never did and never intended to make this account, afterwards filed, a part of the complaint, which was never amended. This matter

is conclusively settled by this court in 19 Or. 499,
and section 83 of the Code has no bearing. Its pro-
visions do not aid appellant to patch up a cause of
action in its radically defective complaint. The an-
swer does not, by the separate matter set out, waive
anything in the general denial and the answer in
nowise aids or cures the complaint. We believe
the law to be, that an answer may, by its allegations
or admissions, cure formal defects in the complaint.
But certainly it never can be so liberally construed
under the most liberal code rules that the answer
will set up a cause of action for the plaintiff when
his complaint is fatally defective as here. We fur-
ther claim that the reply cannot supply a cause of
action for the complaint, and in this case it seems
appellant has attempted to do this by alleging that
it brought its action "for work and material fur-
nished the defendant outside of the church contract."

This complaint should have been constructed in
the beginning so as to inform all the world what
was to be adjudicated, but counsel only approach it
with the sweeping statements that it is good, and
the only rules and law they invoke are those relat-
ing to purely formal defects. The points are raised
in the motion before the circuit court, which exam-
ined the complaint, weighed it in the balances,
found it wanting, and adjudged the respondent's po-
sition well taken, stating at the time in effect, that
Mr. Pomeroy and others had written valuable works
on pleadings, that the supreme court had made
many rulings on the subject; and there were suffi-

cient guides which pleaders should follow and be compelled to adhere to. We maintain that sections 71 and 266 of the Code mean exactly what they say and are not there for ornament.

The objection that the complaint does not state facts sufficient to constitute a cause of action is never waived by failure to demur or answer. It may be raised in the appellate court, and such material defect is never cured by a verdict: Code, § 71; *Evarts* v. *Steger*, 5 Or. 149; *Bowen* v. *Emmerson*, 3 Or. 452; *Mack* v. *Salem*, 6 Or. 275.

A verdict establishes every reasonable inference that can be drawn from a complaint or defectively stated cause of action, if it is complete; but it never supplies any material fact omitted from the complaint. It is error to render a judgment upon a defective complaint. The judgment of the court is a conclusion of law from the facts contained in the whole record, and if that discloses a complaint radically defective, the plaintiff is not entitled to any judgment: *Weiner* v. *Lee Shing*, 12 Or. 278; *Giroux* v. *White*, 21 Or. 435.

The pleader should state the facts which he thinks give a right of action, and not offer the court, instead, his opinion. If one fact necessary to a right of action be omitted, all others might as well be. A complaint should state expressly, that is to say, in direct terms, the facts constituting the cause of action, leaving no essential fact in doubt, or to be inferred or deduced by argument from other facts which are stated. As inferences, argument and hypothesis cannot be tolerated in a pleading, so ma-

terial facts cannot be left to inference, argument, or hypothesis, but must be expressly and in terms affirmed: *Joseph* v. *Holt*, 37 Cal. 255.

In this state the right of pleading by "common counts" is denied and this supreme court expressly approves and maintains *stare decisis* as to *Bowen* v. *Emmerson*, 37 Cal. 255, decided about twenty years before: *Buchanan* v. *Beck*, 15 Or. 566.

In Oregon, notwithstanding forms of action have been abolished by the Code, the legal rights and liabilities of the parties remain the same and the facts upon which these rights and liabilities depend are required to be stated "in a plain and concise manner without unnecessary repetition": Code, § 66$_2$; *Johnson* v. *Robinson Company*, 13 Colo. 258.

Cases predicated upon special provisions not contained in our Code are of little use in construing cases arising in this state. In this class of cases the pleader is required to state the facts that show a contract existed between the parties; that it has been broken and in what particular, and the amount of damages, or amount to be recovered, because of the breach. Facts only must be stated contradistinguished from the law, from argument, from conclusions, and from the evidence required to prove the facts: *Bowen* v. *Emmerson,* 3 Or. 453–455.

Schedules or exhibits to be made a part of the complaint must be attached and marked as exhibits so as to admit of certain identification, and when so attached and identified they constitute a part of the pleading, not for the purpose of supplying necessary allegations therein, but for the purpose of

description and itemizing the values given. And section 83 of the Code has no application to this question: *Caspary* v. *Portland*, 19 Or. 499–500.

Opinion by MR. CHIEF JUSTICE BEAN.

That the complaint is defective, and would have been subject to a demurrer, may be conceded, but we think it must be held sufficient after verdict. The general rule in such case is "that wherever facts are not expressly stated which are so essential to a recovery that, without proof of them on the trial, a verdict could not have been rendered under the direction of the court, there the want of the express statement is cured by the verdict, provided the complaint contains terms sufficiently general to comprehend the facts in fair and reasonable intendment": FIELD, J., in *Garner* v. *Marshall*, 9 Cal. 269. The complaint in this case alleges the sale and delivery of the goods, wares, and merchandise out of which the indebtedness arose by the plaintiff to the defendant at his special instance and request; and the failure to allege the date of such sale, or the reasonable value or agreed price of such goods, or the time or terms of payment, are mere defects of statement, and are, we think, cured by verdict: *Davidson* v. *Oregon and California Railroad Company*, 11 Or. 136 (1 Pac. 705); *Aiken* v. *Coolidge*, 12 Or. 244 (6 Pac. 712). Courts are required to disregard defects in pleadings which do not affect the substantial rights of the adverse party: Hill's Code, § 106. In the case before us we cannot say from an inspection of the record that any substantial right of defendant was or could

have been affected by the defects in the complaint. He was fully advised before answering, by the itemized statement furnished at his request, of the character and price of the goods for which the action was brought, and the date of the alleged sale. By his answer he admits their delivery and receipt, but avers that they were a part of and included in the larger order. That was the only issue on the trial; and, it having been submitted without objection to the jury, it seems to us the objection that the complaint is defective came too late after verdict. The judgment of the court below must therefore be reversed, and the cause remanded with directions to enter a judgment on the verdict.          REVERSED.