Argued 12 February; decided 9 April, 1900.

## CHAN SING *v.* PORTLAND.

[ 60 Pac. 718.]

**WAIVER OF DEFECT IN COMPLAINT—AIDER BY VERDICT.**

1.  An objection that a complaint claiming damages for neglect does not allege a specific negligent act done or a duty negligently omitted is waived by answering and is cured by a verdict for plaintiff: *Booth* v. *Moody*, 30 Or. 222, applied; *Caspary* v. *Portland*, 19 Or. 496, distinguished.

**NEGLIGENCE—OVERFLOWED SEWER—COMPETENT EVIDENCE.**

2.  In an action for damages arising from alleged negligence in failing to exercise due care in keeping the intake of a creek sewer open and free, evidence of the construction of a drift dam above such intake, and the accumulation of logs and debris above such dam, which, being relieved, floated down and obstructed the sewer, was competent on the question of the exercise of due care, after proof that the defendant had been warned of the danger.

**DAMAGES—OPINION EVIDENCE.**

3.  Where a complaint charged an overflow caused by negligence in permitting the head of a creek sewer to become obstructed, evidence of witnesses, who did not see the overflow, that in their opinion it was caused by improperly guarding the

head of the sewer, and not placing men enough there to keep it clear, was improperly admitted, since the question of what caused the overflow was the very thing the jury was called upon to determine, and was not a proper subject for opinion evidence: *Burton* v. *Severance*, 22 Or. 91, followed.

From Multnomah : ALFRED F. SEARS, JR., Judge.

This is an action by Chan Sing against the City of Portland to recover damages for an injury to plaintiff's property from an overflow of Tanner Creek caused by the alleged negligence of the defendant in not exercising due care and caution to keep open and free from obstruction the intake of Tanner Creek Sewer. Tanner Creek is a natural water course, with well-defined banks and channels. Some time prior to the injury complained of, the city diverted the water of the creek from its natural channel in and through a sewer known as "Tanner Creek Sewer." As an auxiliary thereto, it constructed a drift dam in the channel of the creek, some two or three hundred feet above the head of the sewer, to protect it from logs, drift, and debris. About 2 o'clock in the afternoon of November 16, 1896, the city authorities were notified that, owing to the storm then prevailing, the sewer was liable to become obstructed and cause an overflow of the creek. It thereupon put two men at work at the head of the sewer to keep it free from obstructions, which they succeeded in doing until about 7 or 8 o'clock in the evening, when logs and debris which had accumulated above the drift dam came down to the head of the sewer in a mass and stopped up the intake, thereby causing the waters of the creek to overflow its banks and inundate the plaintiff's garden ; and this is the injury for which he seeks to recover damages. The complaint, after alleging the construction of the sewer by the city, avers "that on or about the sixteenth day of November, 1896, the said defendant, knowing that the said sewer was too small to carry off the water emptying into it from Tanner

Creek, and that in consequence thereof the said creek would overflow its banks, and that the said sewer would overflow, and that the said water would be precipitated onto the lands and property lying on the line of said sewer on said Jefferson Street, and would damage the said lands and property, and knowing that the said Tanner Creek carried in its stream wood, stones, rubbish, and debris which would close up the head of said sewer, and that the head of said sewer was not sufficiently maintained and protected by the said defendant so as to prevent the said head from being clogged and dammed up, and that when it became so clogged up the said water from said stream would be precipitated upon the lands and into the buildings along the line of said sewer, and would damage the same, the said defendant carelessly and negligently at said time failed and neglected to enlarge the said sewer and the head thereof, and carelessly and negligently permitted the head of said sewer to become clogged and dammed up, and carelessly and negligently failed to keep the head of said sewer open so as to receive and carry away the waters of said Tanner Creek which would empty into it, in consequence of which the said debris, logs, and rocks clogged and dammed up the head of said sewer, and the said waters were prevented from emptying into said sewer, and the said sewer overflowed, and the water from the said Tanner Creek was precipitated upon the vegetable gardens of the said plaintiff, and overflowed, washed away, and destroyed the beds of said garden,'' to his damage in the sum of $498. The answer denies the negligence charged, and affirmatively alleges that the inundation and overflow were caused by an extraordinary and unusual storm, against the effects of which ordinary care and prudence could not guard. The trial resulted in a verdict and judgment in favor of

the plaintiff, and defendant appeals, assigning as error the ruling of the court in the admission and exclusion of testimony.                    REVERSED.

For appellant there was a brief over the names of *Joel M. Long*, City Attorney, and *Ralph R. Duniway*, with an oral argument by *Mr. Duniway*.

For respondent there was a brief over the name of *Giltner & Sewall*, with an oral argument by *Messrs. Roscoe R. Giltner* and *Julius C. Moreland*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1.   The defendant objected to the introduction of evidence at the trial on the ground that the complaint did not state facts sufficient to constitute a cause of action, which, being overruled, forms the basis of the first assignment of error.   The argument is that the complaint is insufficient because it does not allege any specific negligent act done or duty omitted by an authorized agent of the city.   While we do not understand that there is any different rule of pleading in actions of negligence against a municipality and against any other defendant, the objection here goes, in any event, to a mere defective statement of a cause of action, and was waived by answering over, and cured by the verdict: *Houghton* v. *Beck*, 9 Or. 325; *Gschwander* v. *Cort*, 19 Or. 513 (26 Pac. 621); *Booth* v. *Moody*, 30 Or. 222 (46 Pac. 884).   The case of *Caspary* v. *City of Portland*, 19 Or. 496 (20 Am. St. Rep. 842, 24 Pac. 1036), upon which the defendant seems particularly to rely, is not in point, because:   First, it was an action in trover to recover the value of certain goods alleged to have been wrongfully and unlawfully converted by the city; and, second, the objection was taken by demurrer in the court below, and

the cause came here on appeal from a judgment dismissing the complaint.

2.    It is next claimed that the court permitted the plaintiff to prove and recover upon a ground of negligence not alleged.    Upon the trial the plaintiff gave evidence, over the defendant's objection, concerning the construction of the drift dam and the accumulation of logs and debris above it, which, being released, floated down and obstructed the sewer.    But he was not permitted to recover on account of the insufficiency of the drift dam, or of the negligence of the city in its construction or maintenance.    The court pointed out to the jury the issues to be tried, and confined the recovery to the negligence charged.    The evidence in reference to the drift dam was competent upon the question as to whether the city and its officers, after being warned of the danger, had exercised due and ordinary care, under the circumstances, to prevent the intake of the sewer from becoming obstructed.

3.    The next assignment of error is based upon the admission of testimony of the witnesses Woodward and Haseltine.    Woodward was called as a witness for the plaintiff, and, after testifying that he was familiar with Tanner Creek sewer, and knew of the overflow in question, was asked, "Do you know what was the cause of this overflow of the creek?" to which the defendant's counsel objected because the evidence was not competent, which objection was overruled, and the witness answered: "The overflow of the creek was caused from the head of the sewer being improperly guarded to take care of it, and debris washed down the creek and stopped up the head of the sewer, and sent this whole Tanner Creek coming down the street.    This is a sore matter to me, too."    The witness Haseltine was permitted, over defendant's objection and exception, to answer the fol-

lowing questions: "Q. From what you saw the next day, what, in your opinion, was the cause of the overflow at the head of Tanner Creek sewer? A. In the first place, there was a very large watershed, which brings down in a heavy storm a very large amount of water, and the entrance was not large enough to take care of all that amount of water unless it was kept clear of all the debris; and there should have been men there to keep that clear, in my opinion. Q. What is that? A. There should have been— There would have been no overflow, in my opinion, if they had been there, and kept the logs and debris away from it. Q. If the logs and debris had been kept away, in your opinion, the sewer would have been large enough to carry away the water? A. I do." This evidence was clearly incompetent, because the witnesses were permitted to give their opinion concerning the very matter in issue. The complaint charges that the defendant carelessly and negligently permitted the head of Tanner Creek sewer to become obstructed. The witness Woodward says that, in his opinion, the overflow was on account of the head of the sewer being improperly guarded. Haseltine says that it was because the city did not keep men enough there to keep it clear. In other words, both testify, in effect, that the city was negligent in not providing men enough to take care of the drift and debris coming down Tanner Creek, so as to prevent it from obstructing and damming up the sewer. This was the real question in issue in the case, and within the exclusive province of the jury to determine. It did not call for expert or opinion evidence, and it was improper to permit a witness to testify as to his opinion upon the question: *Burton* v. *Severance,* 22 Or. 91 (29 Pac. 200.) It follows that the judgment of the court below must be reversed, and a new trial ordered. .                          REVERSED.