Argued 20 February; decided 23 April, 1900.

**ROSEBURG RAILWAY COMPANY *v.* NOSLER.**

[ 60 Pac. 904.]

DEFECTIVE COMPLAINT CURED BY VERDICT—WAIVER.

1. An incomplete statement of a cause of action is cured by the verdict where the issue of fact involved was made by the answer and reply, and was fully tried on the testimony without objection: *Nicolai* v. *Krimbel*, 29 Or. 76, applied.

CONSTRUCTION OF RAILROAD SUBSIDY CONTRACT.

2. In construing a subsidy contract conditioned on construction of a railroad within a specified time, unless the delay was caused by procuring rights of way, collections of subsidy, "or other just cause," delays in construction caused by rainy and inclement weather are not a sufficient excuse for nonperformance within the stipulated time, since the term "other just cause" means delays by reason of defendant's acts, or of the law, or by an act of God, and not those caused by ordinary inclement weather, which the parties must have anticipated.

From Coos :   J. C. FULLERTON, Judge.

This is an action by the Coos Bay, Roseburg & Eastern Railway & Navigation Co. against J. H. Nosler upon a subsidy agreement made by the defendant in June, 1890, by which he agreed to pay plaintiff the sum of $1,000 in consideration of its building a railroad from Marshfield to Myrtle Point, in Coos County, on or before January 1, 1891, and to Roseburg, in Douglas County, by December 31 of the same year ; payment to be made in installments as the work progressed.    Subsequently the contract was modified by extending the time for the completion of the road to Myrtle Point to May 1, 1891, and to Roseburg one year from the time it reached Myrtle Point, and providing that "in case any delay is caused by reason of the procuring of the rights of way, collection of Coos County or Roseburg subsidy, or other just cause, that the aforesaid times shall be extended a reasonable time further, to cover such delays.    This is upon the understanding that the survey be commenced immediately, and work follow without delay."    Both the original contract and the modification thereof are set out in full and construed in the opinion on the former appeal : *Coos Bay R. R. Co.* v. *Nosler*, 30 Or. 547 (48 Pac. 361).    In addition to the facts there stated, the complaint avers, in substance, that the plaintiff has fully performed all the terms and conditions of the agreement on its part to be performed, whereby there have become due and payable to it, according to the terms of the contract, the following sums, to wit :    On February 5, 1891, $250 ;  November 30, 1891, $200 ;  July 12, 1893, $250 ;  July 19, 1893, $200 ;  August 25, 1893, $100,—and that defendant has not paid the same, or any part thereof, except the sum of $250, paid February 5, 1891, and that there is now due and owing to the plaintiff $826.10, for which judgment is asked, with interest.

After the case had been remanded from this court to the court below, the defendant, by permission, filed an

amended answer, in which he admits the execution of the subsidy contract and the modification thereof as alleged, and the construction by the plaintiff of its road from Marshfield to Myrtle Point, but denies that it has fully or at all performed the terms or conditions of the contract, or that there is any amount now due from him thereon, and, for an affirmative defense, alleges that it is one of the conditions of the contract that the road should be completed to Myrtle Point by May 1, 1891, but plaintiff failed and neglected to perform such condition, and did not complete the road to Myrtle Point until August 25, 1893; that its failure in that respect was not caused by any delay in procuring rights of way, collection of Coos County or Roseburg subsidy, or other just cause, but was wholly the fault and negligence of the plaintiff, and therefore it ought not to be allowed to prosecute this action. The reply puts in issue the allegations of the answer, and further avers that the defendant ought not to be permitted to set up as a defense that the road was not completed to Myrtle Point until August 25, 1893, for the reason that he had agreed, as set forth in the complaint, that in case any delay should be caused by reason of procuring rights of way, collection of Coos County or Roseburg subsidy, or other just cause, the time should be extended a reasonable time to cover such delays; that the plaintiff was delayed in the prosecution of its work on account of the matters set forth, and "by reason of extreme bad weather, incessant rains, floods, and frequent storms." Upon the trial the plaintiff was permitted, over the defendant's objection and exception, to give evidence tending to show that delay in the work was caused by stormy and inclement weather; and the court instructed the jury that the second agreement extended the period for finishing the road to Myrtle Point from May 1, 1891, for a reasonable time to cover delays "in securing rights

of way, in the payment of the subsidy, and on account of storms and floods,'' or other just cause, which it defined as ''any circumstance unforseen by the parties at the time, necessarily causing delay, and which [may] have happened without plaintiff's fault,'' and refused to instruct, as requested by the defendant, that ''rainy, wet, inclement weather, such as we usually have during the fall and winter months in this county, could not be considered an act of God, and cannot be considered by you as an excuse for plaintiff's delay.'' The jury returned a verdict in favor of plaintiff for $600, upon which judgment was duly rendered, and defendant appeals.    REVERSED.

For appellant there was a brief over the names of *Andrew M. Crawford, A. J. Sherwood,* and *Watson & Beekman,* with an oral argument by *Mr. Edward B. Watson.*

For respondent there was a brief over the name of *J. W. Bennett,* with an oral argument by *Mr. J. S. Coke.*

MR. JUSTICE BEAN, after stating the facts in the foregoing language, delivered the opinion of the court.

1.  It was held on the former appeal, and is the law of the case, that, while the plaintiff had a right of action against the defendant on the subsidy contract for any installment earned by it prior to the time fixed for the completion of the road to Myrtle Point, it cannot recover installments where the designated performance had been delayed beyond the time fixed in the contract. It is therefore claimed by the defendant that, inasmuch as the complaint shows on its face that but one installment was earned within the time specified, which was paid, and fails to allege that the delay in the completion of the road was on account of any of the causes specified in the contract, it does not state a cause of action. But the point

is made for the first time in this court, so that the defect, if any, is cured by the verdict. The complaint alleges full and complete performance by the plaintiff. This is denied by the answer, and, as an affirmative defense, it is alleged that the delay in the completion of the road was not on account of the causes specified in the contract, but was owing wholly to the negligence of plaintiff. The cause of the delay was thus made an issue, and tried without objection, and the defective statement of a cause of action in the complaint, if any, was thereby waived : *Houghton* v. *Beck*, 9 Or. 325 ; *Davidson* v. *Oregon & Cal. R. R. Co.* 11 Or. 136 (1 Pac. 705); *Aikin* v. *Coolidge*, 12 Or. 244 (6 Pac. 712); *Nicolai* v. *Krimbel*, 29 Or. 76 (43 Pac. 865).

2. But the court was in error in ruling that delays in the construction of the road caused by rainy and inclement weather were a sufficient excuse for nonperformance of the contract by the plaintiff within the stipulated time. It is an elementary rule of law that, whenever a party by his contract creates a duty or charge upon himself, he is bound to make it good, if he may, notwithstanding delays from any cause, for he might have provided against them in his contract : *Oakley* v. *Morton*, 11 N. Y. 25 (62 Am. Dec. 49). And therefore the plaintiff was bound to complete the road to Myrtle Point by the first day of May, 1891, unless its failure to do so was on account of some of the stipulated causes specified in the contract, none of which include delays on account of the ordinary conditions of the weather. It is stipulated that delays caused on account of procuring rights of way, collection of Coos County or Roseburg subsidy, or other just cause, shall operate as an extension of the time specified, a reasonable time on account thereof. But the term "other just cause" means delays by reason of some act of the defendant, or of the law, or by an act of God, and does

not include those caused by ordinary weather, because the parties to the contract must have anticipated delays from such a source, and, not having stipulated in reference thereto, the plaintiff was required to complete the road within the time fixed, notwithstanding the ordinary condition of the weather. For this reason, the judgment of the court below must be reversed, and the cause remanded for a new trial, and it is so ordered.

REVERSED.

Decided 12 May, 1900.