Argued 23 January; decided 10 February, 1902.

## PATTERSON *v.* PATTERSON.

[67 Pac. 664.]

CONSTRUCTION OF PLEADINGS OBJECTED TO AT THE TRIAL.

1. Under Hill's Ann. Laws, § 84, providing that in the construction of a pleading its allegations shall be liberally construed, with a view to substantial justice, if the sufficiency of a pleading has not been challenged by motion or demurrer, but is drawn in question upon the admission of evidence, the allegations of the complaint and reply should be liberally construed *in pari materia* for the purpose of determining the true intent of the pleader: *Creecy v. Joy,* 40 Or. 28, applied.

IDEM.

2. A reply to a defense of payment of a note by the plaintiff that she purchased it, and paid the balance due thereon, and took an assignment of it, being liberally construed, in the absence of preliminary objections, means that the note was bought and assigned to her, not that she paid it.

PLEADING—PRESUMPTION AFTER VERDICT.

3. Where no motion or demurrer has been interposed to a pleading, every reasonable inference should be invoked in its support, and every legitimate intendment indulged in its aid, after verdict.

From Marion:   GEO. H. BURNETT, Judge.

Action by Harriet Patterson against John Patterson and M. L. Chamberlin.   From a jugment in favor of defendants entered on the pleadings after a verdict for plaintiff, plaintiff appeals.          REVERSED.

*Messrs. Bonham & Martin* for appellant.

*Mr. William H. Holmes* for respondents.

MR. JUSTICE MOORE delivered the opinion.

This is an action to recover on a promissory note executed by the defendants, John Patterson and M. L. Chamberlin, to the Capital National Bank of Salem, Oregon, June 30, 1892, for the sum of $239.20, payable on demand, with interest at the rate of ten per cent per annum, and alleged to have been assigned by said bank to plaintiff, who claims to be the owner and holder thereof, and that no part of the same has been paid, except certain specified sums. The answer denies the material allegations of the complaint, and, for a separate defense, avers that the remainder due on said note was paid to the bank March 4, 1893. For a further defense, it is alleged that Chamberlin signed said note as surety only; that the defendant Patterson induced the plaintiff, who is his wife, to take up and pay off the note in question; that she well knew said note was given for her husband's debt; and that Chamberlin was only an accommodation maker. The answer contains other defenses, a statement of which is not necessary to the decision. The reply denies the allegations of new matter in the answer, and contains the following concession: "But plaintiff admits and avers that she did on said fourth day of March, 1893, purchase said note, and pay the balance due thereon to the said Capital National Bank, with her own funds, and took an assignment of the same." At the trial of the issues thus joined the jury found for plaintiff in the sum of $257.15, whereupon defendants' counsel moved the court for judgment on the pleadings, on the ground that plaintiff had admitted therein that said note had been fully paid by her to said bank, which motion having been sustained, the action was dismissed, and plaintiff appeals.

The question to be considered is whether the admission in the reply that plaintiff purchased the note and paid the remainder due thereon overcomes the allegation of the assignment of the instrument as stated in the complaint and reply, thereby defeating the right of action. It is argued by plaintiff's counsel that, the allegations of the reply not having been

40 OR.—36.

assailed by motion or challenged by demurrer, the verdict aided any defective statement in their pleadings, and, this being so, the court erred in setting aside the verdict and dismissing the action. Defendants' counsel insist, however, that the pleadings should be construed most strongly against the pleader, and, the plaintiff having admitted in the reply that she paid the note, the averment shows that the instrument was thereby discharged, and hence no error was committed as alleged.

1. The statute provides that in the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties: Hill's Ann Laws, § 84. In *Stewart* v. *Balderston,* 10 Kan. 131, under a similar statute (Comp. Laws, Kan. 1879, p. 617, § 115), Mr. Justice VALENTINE, speaking for the court, in construing the allegations of a pleading, says: ''But when the proper motions have been made to require the adverse party to so amend his defective pleading as to make it definite, certain, correct, and formal, thereby giving the adverse party notice wherein his pleading is defective, informal, or insufficient, and where the adverse party then refuses to amend his defective pleading, resists the motions to have it amended, and has the motions overruled by the court, the most rigid rule of the common law should prevail. No statement of fact in the pleading which the motions reached should then be taken as true, unless well pleaded; and, if any such statement would bear different constructions, the party demurring should be allowed to adopt any one of such constructions which he should choose. The old rule of the common law that 'everything should be taken the more strongly against the party pleading,' although it can seldom have application under our code practice, should then prevail. After a party has received full notice that his pleading is defective in some particular, and has been asked to correct it, it is his fault if it still remains defective in such particular, and he is the one who should suffer on account of such defective pleading, and not the other party.'' It has been held

in this state that when the sufficiency of a pleading is challenged by motion or demurrer, and the action of the court in passing upon the objection thus interposed is not waived by answering over, the allegations of the complaint, answer, or reply thus assailed are to be construed most strictly against the pleader: *Pursel* v. *Deal,* 16 Or. 295 (18 Pac. 461); *Kohn* v. *Hinshaw,* 17 Or. 308 (20 Pac. 629). A different conclusion, however, seems to have been reached in *Jackson* v. *Jackson,* 17 Or. 110 (19 Pac. 847). Whatever the rule may be in respect to the interpretation of a pleading when assailed by motion or demurrer, and the action of the court in deciding the issue of law thus involved has not been waived by the defeated party, it is settled in this state, by repeated adjudications upon the subject, that if the sufficiency of a pleading has not been challenged in the manner indicated, but is drawn in question upon the admission of evidence, a liberal construction of the allegations of fact will be adopted: *Specht* v. *Allen,* 12 Or. 117 (6 Pac. 494); *Baker City* v. *Murphy,* 30 Or. 405 (42 Pac. 133, 35 L. R. A. 88); *Chan Sing* v. *Portland,* 37 Or. 68 (60 Pac. 718; *Roseburg Ry. Co.* v. *Nosler,* 37 Or. 299 (60 Pac. 904); *Cederson* v. *Oregon Nav. Co.* 38 Or. 343 (62 Pac. 637, 63 Pac. 763); *Oregon & C. R. Co.* v. *Jackson County,* 38 Or. 589 (64 Pac. 307, 65 Pac. 369); *Mellott* v. *Downing,* 39 Or. 218 (64 Pac. 393); *Creecy* v. *Joy,* 40 Or. 283 (66 Pac. 295. No objection having been taken to the reply, its allegations will be liberally construed, for the purpose of determining its effect, with a view of substantial justice between the parties; and the allegations of the complaint and of the reply, not being repugnant, will be construed *in pari materia,* for the purpose of ascertaining the intent of the pleader: *Lavery* v. *Arnold,* 36 Or. 84 (57 Pac. 906, 58 Pac. 524); *Cederson* v. *Oregon Nav. Co.* 38 Or. 343 (62 Pac. 637, 63 Pac. 763); *Mayes* v. *Stephens,* 38 Or. 512 (63 Pac. 760, 64 Pac. 319).

2. Observing these rules of interpretation, we think it reasonably inferable from plaintiff's pleadings that she intended to state that, in consideration of the payment of the remainder

due on the note, it was assigned to her by the bank, and that she was the owner and holder thereof.

3. If it be assumed, however, that the averment of payment of the note by the plaintiff, as alleged in the reply, is a defective statement of the facts constituting the cause of action, the rule is well settled in this state that, where no objection by motion or demurrer is made to the sufficiency of a pleading, every reasonable inference will be invoked and every legitimate intendment indulged in its aid when supported by a verdict. Thus, in *Miller* v. *Hirschberg*, 27 Or. 522 (40 Pac. 506), Mr. Chief Justice BEAN, speaking upon this subject, says: "No objection was made to the sufficiency of the reply by demurrer or otherwise, and we think it comes too late when made for the first time by motion for judgment notwithstanding the findings of the referee. It avers that the settlement alleged in the answer did not include the claim upon which this action is founded, or any part thereof, or have any reference thereto; and while it may have been defective in not setting forth fully the fraud, error, or mistake relied upon to surcharge or falsify the settlement, we are not trying the question on demurrer, but considering the sufficiency of the pleading after verdict. In such case it is entitled to the benefit of every reasonable inference and intendment in support of the judgment, and will not be held insufficient for a mere defective statement." In *Houghton* v. *Beck*, 9 Or. 325, it was held that a defect in a pleading, whether of substance or form, which would have been fatal on demurrer, is cured by verdict, if the issue joined be such as necessarily required on the trial proof of the facts defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or that the jury would have given, the verdict. The rule is settled in this state that, while a verdict will never supply the omission of a material averment, it will aid informal defects in the pleading that do not go to the gist of the action: *Nicolai* v. *Krimbel*, 29 Or. 76, and notes (43 Pac. 865); *Booth* v. *Moody*, 30 Or. 222 (46 Pac. 884); *Kimball* v. *Redfield*, 33 Or. 292 (54 Pac. 216); *Hargett*

v. *Beardsley*, 33 Or. 301 (54 Pac. 203) ; *Foste* v. *Standard Ins. Co.* 34 Or. 125 (54 Pac. 811) ; *Hannan* v. *Greenfield*, 36 Or. 97 (58 Pac. 888) ; *Savage* v. *Savage*, 36 Or. 268 (59 Pac. 461) ; *Chang Sing* v. *Portland*, 37 Or. 68 (60 Pac. 718) ; *Roseburg Ry. Co.* v. *Nosler*, 37 Or. 299 (60 Pac. 904). If it be assumed that there was a defect in the statement of facts in the reply, no objection thereto having been taken, the verdict necessarily cured it, and hence the act of the court in setting aside the verdict and dismissing the action must be held erroneous.

It follows from these considerations that the judgment is reversed, and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.

Decided 3 February ; rehearing denied 22 April, 1902.