Argued February 1, decided February 14, 1911.

## MORTON v. WESSINGER.

[113 Pac. 7.]

PLEADING—DEMURRER—PRESUMPTION AS TO ANSWER.

1. On demurrer, the pleader is presumed to have stated the case as strongly as the facts warrant.

MUNICIPAL CORPORATIONS — POLICE POWER — FIRE LIMITS — "FRAME BUILDING."

2. The word "frame," as used in San Francisco Ordinance No. 31 § 3, prohibiting the erection of "frame buildings" within fire limits, means wooden.

PLEADING—ANSWER—CONCLUSIONS OF LAW—EFFECT.

3. In an action for rent, allegation in the answer that the store demised was an unlawful structure being erected in violation of a municipal ordinance prohibiting the building of wooden structures within fire limits, but failing to set up facts showing that the building was unlawful is a mere conclusion of law.

PLEADING—ANSWER—CONSTRUCTION.

4. An answer should be construed so as to give it a fair and ordinary meaning.

PLEADING—ANSWER—CONSTRUCTION—SPECIAL AND GENERAL AVERMENTS.

5. When both general and specific allegations are made respecting the same matter, the latter control.

STATUTES — CONSTRUCTION — STATUTES IN DEROGATION OF INDIVIDUAL RIGHTS.

6. Statutes in derogation of individual rights are to be strictly construed.

MUNICIPAL CORPORATIONS—POLICE POWERS—FIRE DISTRICT ORDINANCES —CONSTRUCTION.

7. As municipal ordinances establishing fire limits and prohibiting the erection or rebuilding of frame structures have no retroactive operation, and cannot require the removal of existing buildings, San Francisco Ordinance No. 31, § 3, prohibiting the erection, construction, alteration, or enlargement of frame buildings within the fire limits, does not prohibit the repair of an existing frame building or the completion of one begun before its passage.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BEAN.

This is an action on a lease by James H. Morton against Paul Wessinger and Henry Wagner, executors of the estate of Henry Weinhard, deceased, and Paul Wessinger and Henry Wagner to recover four months rent for a storeroom in the city of San Francisco. That part of the lease necessary to examine, in considering this case, is as follows:

"This indenture, made the 20th day of August, 1906, between Herbert C. Van Ness and Robert S. Smith, of the city and county of San Francisco, state of California, lessors, and estate of Henry Weinhard, of Multnomah county and the city of Portland, State of Oregon, lessees. Witnesseth: That the said lessors have leased and demised and by these presents unto the said lessees the following described premises, situate in the city and county of San Francisco, state of California, to-wit: All of the store situate on the northeast corner of Geary and Polk streets, being number five (5) of the building being erected by the lessors herein, with appurtenances for the term of three (3) years from the twentieth day of August, one thousand nine hundred and six at the total rent or sum of eleven thousand and seven hundred and 00-100 dollars, payable monthly in advance, in gold coin of the United States of America, in equal monthly payments of three hundred and twenty-five and 00-100 dollars. Said lessees agree that in the event of the inability of the lessors to deliver possession of said premises at the time herein agreed, then neither the lessors, or Madison & Burke, their agents, shall be liable for any damages thereby, nor shall this lease be void or voidable, but in this event the lessees shall not be liable for any rent."

It is alleged that the lease was duly assigned by the lessors to plaintiff. Defendants occupied the store during the term of the lease, except for the four months.

Defendants by their answer admit the execution of the lease, and after denying some of the allegations of the complaint state that the instrument is void for the reasons: That on the 5th day of July, 1906, ordinance No.

31, new series, entitled or known as the building law of the city and county of San Francisco, was duly adopted and approved. That "in and by section 3 of said ordinance it was provided that that portion of the city and county of San Francisco within the boundary line of such section thereinafter set forth should be known as the fire limits, within which it shall be unlawful to erect or construct frame buildings or to alter or enlarge the same." That the building in question was within the fire limits of the city, and that ordinance No. 31 was in full force and effect on the date of the lease. That the building referred to in the instrument was built entirely of wood, and was at that time in course of construction only, had not been completed, and was an unlawful structure. That the lessors and defendants, in and by the terms of the lease and contract, contemplated the doing of an act contrary to law and against public policy. That by and under the contract the lessors agreed, contrary to law, to complete the building, and the defendants agreed to lease the same only when completed, in violation of the provisions of the building ordinance. That "by and under the laws of the State of California said agreement for the lease of a structure to be erected and maintained contrary to ordinance of a city regulating the construction of buildings within the fire limits of such city is contrary to law, and void as against public policy." It does not appear that the city authorities made any objection to the completion of the store, or interfered in any way with defendant's occupancy thereof.

Plaintiff demurred to the new matter contained in the answer. The court below sustained his demurrer, and the defendants declined to plead further. Upon the trial of the cause by the court, without the intervention of the jury, judgment was rendered in favor of plaintiff, upon the facts found by the court, and defendants appeal.

AFFIRMED.

For appellants there was a brief over the names of *Messrs. Williams, Wood & Linthicum* and *Mr. Isaac D. Hunt,* with an oral argument by *Mr. Hunt.*

For respondent there was a brief and an oral argument by *Mr. Milton W. Smith.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The errors assigned all pertain to the ruling upon the demurrer. It is claimed by defendants that the agreement, on the part of the lessors to erect the building, is contained in that part of the lease describing the premises as "store number five of the building being erected by the lessors." and that the agreement "in the event of the inability of the lessors to deliver possession of said premises at the time agreed" shows that the building was to be completed by the 20th day of August, 1906. In considering the sufficiency of the answer upon the demurrer, the rule is that the pleader is presumed to state his case as strongly as the facts justify: 31 Cyc. 81, 86; *Pursel* v. *Deal,* 16 Or. 295, 298 (18 Pac. 461) ; *Cederson* v. *Navigation Co.,* 38 Or. 343, 349 (62 Pac. 637: 63 Pac. 763) ; *Oregon & Cal. R. R. Co.* v. *Jackson Co.,* 38 Or. 589, 597 (64 Pac. 307: 65 Pac. 369.)

2. It is contended on the part of plaintiff that the separate answer fails to state facts sufficient to render the contract void, for the reasons, among others: (1) Because the lease contains no stipulation to do any act unlawful or prohibited by ordinance; (2) because the ordinance prohibits only frame buildings, and it is not alleged that the structure in question is a frame building. The word "frame," as used in the ordinance, is synonymous with "wooden," one having the same meaning as the other: 3 Words & Phrases, 2929; *Ward* v. *City of Murphysboro,* 77 Ill. App. 549. At the outset it should be noted that this lease or contract solely relates to the leasing of the premises, and is not a contract for the erection of a building.

If, however, we assume that the completion of the structure was contemplated by the lessors, and that on the date of the execution of the lease it was "being erected," we must consider the allegations of the new matter contained in the answer of defendants, and determine whether or not such completion would be a violation of the ordinance referred to.

3. It clearly appears that the purpose of the ordinance was to prevent the construction, alteration, or enlargement of frame buildings within the fire limits. The date on which the structure was commenced is not stated in the answer, nor is it mentioned what portion thereof remained to be completed at the time of the agreement. Neither does the lease contain, nor the answer set forth, any covenant to complete the building with wooden material. In so far as this appears it would have been a sufficient compliance with the terms of the lease for the lessors to have completed the store with any suitable material not prohibited by the ordinance. The number given would indicate that there were at least five storerooms in the building. It is quite possible that, when the ordinance was adopted, store No. 5 was completed and nine-tenths of the building constructed, or that only the roof was necessary for its completion. Nothing to the contrary is stated in the answer; the allegation that the building was an unlawful structure not having such effect, it is a mere conclusion: 31 Cyc. 333, 337; *Longshore P. Co.* v. *Howell,* 26 Or. 527, 535 (38 Pac. 547: 28 L. R. A. 464: 46 Am. St. Rep. 640) ; *O'Hara* v. *Parker,* 27 Or. 156, 166 (39 Pac. 1004.)

4. The answer should be construed so as to give it a fair and ordinary meaning: 31 Cyc. 79.

5. When both general and specific allegations are made respecting the same matter, the latter control: 31 Cyc. 85.

6. The question therefore arises whether or not the ordinance prohibited the completion of frame buildings, under course of construction at the time of its passage. Muni-

cipal ordinances, establishing fire limits, cannot be retro-active, and require the removal of existing buildings there-from: 28 Cyc. 741, 742. All statutes which encroach on the personal or property rights of the individual, are to be construed strictly, and in the absence of express words or necessary intendment or implication, it will be presumed that a statute is not intended to interfere with or preju-dice a private right or title: 26 Am. & Eng. Enc. Law (2 ed.) 661.

7. The completion of a building, such as the construc-tion of a portion or all of its roof, or otherwise finishing the same, after it has been carried to a considerable extent, is analogous to repairing. An ordinance prohibit-ing the erecting, establishing or rebuilding of certain structures within fire limits is not intended to interfere with any already existing. *Glenn* v. *City,* 5 Gill & J. (Md.) 424. The provisions of the ordinance do not indicate it was contemplated that the completion of frame buildings already commenced was intended to be prohibited thereby. If the lessors had the building in course of construction prior to the enactment of the ordinance, they would then have a vested right, of which the ordinance, according to a fair import of its terms, would not deprive them, even if it could: 28 Cyc. 742; *Glenn* v. *City,* 5 Gill & J. (Md.) 424; *City of Buffalo* v. *Chadeayne,* 134 N. Y. 163, 165 (31 N. E. 443.)

We think that the demurrer was properly sustained. The judgment of the lower court is affirmed.

AFFIRMED.