COYNE G. MOORE et al., Respondents, v. METRO-
POLITIAN STREET RAILWAY COMPANY,
Appellant.

**Kansas City Court of Appeals, March 7, 1910.**

1. **PLEADING: Instructions.** Where a petition charges specific acts of negligence, an instruction which permits a verdict for other acts than those charged, is erroneous.

2. ———: ———. Where a petition alleged that a street car was being run at a rate of speed of fifteen miles an hour and that such rate of fifteen miles was negligence. *Held*, that the instructions should submit the question whether the car was being run at that or a greater rate; and that it was error to enlarge the issue tendered in the petition and submit to the jury any rate which they might believe was a negligent rate.

3. ———: ———: **Pleading: Negligence.** Where three acts of negligence are alleged in connection and two of them are abandoned, if enough remains to constitute an allegation of negligence at common law, it is sufficient to sustain the petition.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teas-
dale,* Judge.

REVERSED AND REMANDED.

*John H. Lucas, R. T. Railey* and *T. T. Railey* for appellant.

(1)   Where the petition pleads a specific ground of negligence, followed by a general charge of negligence, and the latter is followed by an additional specific charge of negligence, the plaintiff must recover, if at all, on one or the other of the specific charges, and cannot recover on the general charge under such circumstances.   Black v. Railroad, 117 S. W. 1145; Beave v. Transit Co., 212 Mo. 351; Davidson v. Railroad, 211 Mo. 361; Kirkpatrick v. Railroad, 211 Mo. 83; Roscoe v. Railroad, 202 Mo. 576; McGrath v.

Railroad, 197 Mo. 105; Yall v. Gillham, 187 Mo. 408; Bagnell T. Co. v. Railroad, 180 Mo. 463; Hesselbach v. St. Louis, 179 Mo. 524; Feary v. Railroad, 162 Mo. 96; Cole v. Armour, 154 Mo. 350; Bartley v. Railroad, 148 Mo. 139; Chitty v. Railroad, 148 Mo. 74; McCarty v. Hotel Co., 144 Mo. 402; Huston v. Tyler, 140 Mo. 263; McManamee v. Railroad, 135 Mo. 447; Hite v. Railroad, 130 Mo. 136; Waldhier v. Railroad, 71 Mo. 518; Pryor v. Railroad, 85 Mo. App. 378; Breeden v. B. C. M. Co., 103 Mo. App. 179; Mueller v. Shoe Co., 109 Mo. App. 515; Galm v. Railroad, 113 Mo. App. 593; Hamilton v. Railroad, 114 Mo. App. 508; Grisamore v. Railroad, 118 Mo. App. 390; Todd v. Railroad, 126 Mo. App. 691, 692; Ecton v. Railroad, 125 Mo. App. 230. (2) Plaintiff's first instruction was broader than the petition, and therefore erroneous. Johnston v. Railroad, 117 Mo. App. 310; Ravenscraft v. Railroad, 27 Mo. App. 623; Goodwin v. Railroad, 75 Mo. 75; Gurley v. Railroad, 93 Mo. 450; Magrane v. Railroad, 183 Mo. 132; Baker v. L. & N. T. Co., 61 S. W. 1031.

*Botsford, Deatherage & Creason* for respondent.

(1) It is negligence on the part of a street railway company to operate its cars at so great a speed, especially at a crossing where it meets other cars, that it cannot be controlled to avoid injury to persons on the streets. 27 Am. and Eng. Ency. Law (2 Ed.), p. 61; Cole v. Railroad, 121 Mo. App. 605; Murray v. Railroad, 108 Mo. App. 501; Holden v. Railroad, 177 Mo. 456; Railroad v. Roberts, 127 Ill. 9. (2) It cannot be affirmed as a matter of law, that the rapid motion and excessive rate of speed of the car which struck and killed plaintiffs' child, had no agency in causing his death. Weber v. Railroad, 100 Mo. 194.

ELLISON, J.—Plaintiffs' son, a boy eleven years old, was run over and killed by one of defendant's street cars, at Forty-first street and Woodland avenue, Kan-

sas City, Missouri. They instituted this action for damages on the ground of defendant's negligence, and recovered judgment in the trial court.

It appears that the boy, with two others, lived in that part of the city and had ridden down into the business section and back south to the end of the line, beyond their homes, and then returned north to Forty-first street where they got off. That as the car was coming to a stop a south-bound car was approaching on the west track at the same time the boys were passing around behind the car they had just left, intending to cross the west track and thence on to their homes. One of them got across and the other stopped, while plaintiffs' boy attempted to cross over and was caught in about the center of the track and killed, as just stated.

Defendant insists that its demurrer to the evidence should have been sustained. There was evidence tending to show that the south-bound car was going at such a rapid rate of speed in passing the standing car as made it a question for the jury whether in such circumstances it was negligence. When a car stops at a street crossing, it is a warning to others using the street that passengers may get off and pass to either sidewalk, and it is a situation or condition to be considered in determining whether a given rate of speed is negligence. While the facts in Holden v. Ry Co., 177 Mo. 456, are not like those shown in this case, yet the clear discussion of the rule there announced fully justifies what we have said.

But defendant likewise objects to the rulings made at the trial and seeks to reverse the judgment on that account. The petition contained two counts; the second one charging negligence in not having a proper fender on the car, was abandoned by plaintiffs. The first one charges negligence in the following language: "That said car which so struck and killed said child was being propelled by the motorman thereof at the rate of

fifteen (15) miles per hour, which was contrary to the rule of defendant in force at that time, by which rule the motormen of defendant in propelling its cars were required and permitted to propel the defendant's cars when meeting other cars at the rate of two miles per hour, and that said rate of fifteen miles per hour at which rate said car which so struck said child was moving at that time, was an unreasonable, highly dangerous and negligent rate of speed and contrary to section 918 of the Revised Ordinances of Kansas City, Missouri, and that the death of said plaintiffs' child was caused thereby, and so plaintiffs say that the death of their said minor male child was caused by the negligence and unskillfulness of defendant's motorman in charge of said car which so struck and killed said child while said motorman was running and managing said car."

It will be noticed that there are two acts clearly charged as negligence: First, that the car was being run at the rate of fifteen miles per hour in violation of rule of defendant requiring a rate of two miles per hour; and, second, that the car was being run at fifteen miles per hour contrary to a certain ordinance of the city. These two were abandoned by plaintiffs and they were then put to the necessity of relying upon what they claim is an allegation of negligence at common law. They insist that after abandoning the two specific charges there remains enough to constitute a common-law charge. By omitting all reference to defendant's rule and to the ordinance there remains this language: "that said rate of fifteen miles per hour at which rate said car which so struck said child was moving at that time, was an unreasonable, highly dangerous and negligent rate of speed." By reference to the full charge of negligence quoted above it will be seen that the matter just quoted is obtained by disconnecting it from connected sentences in the full charge. From this, defendant insists that only two charges were intended, namely, the violation of the rule and the ordi-

nance. Whatever may have been the actual intention of the pleader, it is yet true that after taking out all reference to the rule and to the ordinance, there remains an allegation of the car running at the rate of fifteen miles per hour, which is stated to be a dangerous and negligent speed. We think plaintiffs' view is supported by Haley v. Railway Co., 197 Mo. 15.

We then have only to ascertain whether the objections taken to plaintiffs' instructions are well founded. The negligence charged is special and the issue was whether defendant was guilty of the negligence specified; that is, in running the car at the rate of speed of fifteen miles an hour. We interpret that allegation as meaning *not less* than fifteen miles per hour. For, of course, in the circumstances here considered, if the proof showed more than that number of miles, it would still sustain the petition and instructions could well be framed in keeping with such proof. But proof of substantially less speed than fifteen miles does not sustain the petition. For the substance and the intent of the charge of negligence is not merely that the car was being run, but that it was being run at fifteen miles an hour. That is to say, it was necessary to attain as much as that rate before it would become a negligent rate.

The instructions for plaintiffs nowhere required the jury to find that the car was being run at as great a speed as fifteen miles. The jury could have believed that it was being run at two miles an hour·and yet, if they believed that was a dangerous speed in passing another car, they could have found for plaintiffs. By failing to confine the jury within the limits of the petition, error was committed. [Beave v. Transit Co., 212 Mo. 331; Davidson v. Transit Co., 211 Mo. 320, 361; Roscoe v. Met. St. Ry. Co., 202 Mo. 576.] The first instruction was broad and general, just as it would have been had no rate of speed been stated in the petition. The second, we take it, was founded upon an ordinance (not the one pleaded in the petition) prescribing a rate

of not more than twenty miles an hour. It submitted the hypothesis that though the rate of speed was "less" than *twenty* miles an hour, they could find for plaintiffs if they believed it was an unreasonable and dangerous rate. Here, again, plaintiffs refused to be restrained by the limits written in the petition. Less than twenty miles an hour could mean one mile or more, up to fifteen, the latter, as already stated, being the number which would have to be attained before it could become the negligence charged.

It results that the judgment must be reversed and the cause remanded. All concur.