## A. M. DAVIS, Respondent, v. THE KANSAS CITY RAILWAYS COMPANY, Appellant.

Kansas City Court of Appeals, June 10, 1918.

INSTRUCTIONS: Street Railways: Rate of Speed. Where the plaintiff's instruction to the jury is erroneous, but such error is afterwards cured by the defendant's instruction, which fully explained the plaintiff's instruction so that the jury could not have been mislead, it will not constitute reversible error.

Appeal from Jackson Circuit Court.—*Hon. T. J. See-horn,* Judge.

AFFIRMED.

*Bird & Pope* and *Rush L. Fisette* for respondent.

*Clyde Taylor* for appellant.

BLAND J.—This is an action for personal injuries. Plaintiff having recovered a verdict and judgment in the sum of twenty-five hundred ($2500) dollars, defendant has appealed. The petition alleged that the car was being so operated "that it was caused or permitted to run into and strike said wagon and cause plaintiff to be thrown therefrom and injured as aforesaid; in that said car at said time and place was being run at a high and reckless rate of speed, to-wit, from fifteen to twenty miles an hour, and in disregard of the fact that persons and vehicles, including the vehicle and wagon plaintiff was seated in, were liable to be and were on or near said track ahead of said car," etc.

Plaintiff's instruction P-1, which directed a verdict for him, told the jury that if "said car was at said time and place being negligently run by defendant at a high and reckless rate of speed, and in disregard of the fact that wagons and horses were reasonably certain to be upon said track," etc., they should find for the plaintiff. Plaintiff's evidence showed that the car was being operated at more than twenty miles per hour but there was evidence on the part of defendant that the car was being operated only at eleven miles per hour. This instruction was erroneous because it ignored the limits of speed specified in the petition. [Hogland v. Dunham, 186 S. W. 1145; Moore v. Railway, 142 Mo. App. l. c. 294, 295.] However, plaintiff's instruction was cured by defendant's instruction D-6, which told the jury "that if the street car, at and immediately prior to the collision

with the wagon, was not running at a rate of speed which was in excess of fifteen miles per hour,'' etc., they should find for the defendant.

Defendant insists that its instruction D-6 did not cure the error contained in plaintiff's instruction P-1, citing in support thereof State ex rel. Long v. Ellison, 199 S. W. 984, and similar cases. In the case cited plaintiff's instruction that directed a verdict for her left out one of the elements necessary for the jury to find in order for her to recover. No such situation appears in this case. The gravamen of the charge in the petition is that the car was ''being run at a high and reckless rate of speed.'' What was a high and reckless rate of speed under the circumstances was limited in the petition to a rate of speed in excess of fifteen to twenty miles per hour, and as plaintiff's instruction P-1 failed to so limit the high and reckless rate of speed therein mentioned, it was erroneous, but what was meant by a high and reckless rate of speed (in other words, the definition or qualification of it as given in the petition) might have been given in any other instruction the same as any other definition or explanation of language used in the instruction complained of might have been given. The language used in defendant's instruction D-6 was tantamount to a statement that a speed not in excess of fifteen miles per hour was not a high and reckless rate of speed and that one in excess of fifteen miles per hour was such (Hogland v. Dunham, supra), and having given a correct definition of, or fully explained, what constituted a high and dangerous rate of speed under the circumstances, the jury could not have been misled as they were required to read together all the instructions given by the court. [Holeman v. City of Macon, 177 S. W. 1078.]

The judgment is affirmed. All concur.