Argued at Pendleton May 4; affirmed June 16, rehearing denied
July 14, 1931.

# SNABEL *v.* BARBER ET AL.

(300 P. 331)

*W. H. Maguire,* of Portland (Dey, Hampson & Nelson, of Portland, and Carl & H. H. Hendricks, of Fossil, on the brief), for appellants.

*F. S. Senn,* of Portland (Senn & Recken, of Portland, and Oliver C. Crowther, of Fossil, on the brief), for respondent.

RAND, J. This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff on June 10, 1930, when plaintiff was run into by an automobile driven by defendants. The accident happened on the John Day highway a short distance west of Spray. The traveled portion of the road at that point was about twenty or twenty-one feet in width. Just prior to the accident, plaintiff had been riding on a truck loaded with lumber and driven by his father which had been stopped on the right-hand side of the highway in order for plaintiff to open a gate on the opposite side of the highway, so that the truck could be driven into a field where the lumber was to be unloaded. The truck was stopped close to the edge of the road and partially on the traveled portion of the highway and a short distance back of the gate, so that, when started, sufficient momentum could be obtained to cross over the road and pass through the gate to the field. Plaintiff got off on the right-hand side of the truck and passed diagonally in front of the truck across the road and before reaching the gate was run into by defendants' automobile. Defendants at the time were driving in the same direction that the truck was headed.

Plaintiff testified that, upon getting off the truck, and before proceeding to cross the road, he looked to the rear and saw no automobile approaching from that direction. The road was straight at that point and he had an unobstructed view for a distance of several hundred yards. There was a slight curve and an up-grade in the road ahead of the truck but the road was visible in that direction for a distance of about two hundred yards and coming down the road from that direction at the time was another automobile which he says he was watching at the time he sustained the injuries complained of. Plaintiff testified that before being struck by defendants' automobile, he had crossed the traveled portion of the highway and was walking along the edge of the road on the left-hand side of the highway and that he did not see defendants' automobile before it ran into him. There is an irreconcilable conflict in the testimony as to the manner in which the accident occurred and as to the point in the road where the accident occurred. Defendants testified that they were traveling some distance behind the truck and saw it stop on the edge of the road and that plaintiff darted out from in front of the truck and in front of their automobile and that they were unable to stop before hitting him. There was testimony of others who saw the accident which supported that of the defendants as well as other testimony which supported that of plaintiff. Plaintiff's father testified that defendants' automobile passed him at a speed of forty to forty-five miles per hour, while he was sitting in the truck. The evidence showed there were skid marks on the surface of the road, on the left-hand side thereof, showing that defendants' automobile had skidded for a distance of sixty-four feet and ten inches. The evidence shows that when plaintiff was struck he was carried a distance of about

twenty feet before being thrown to the ground. Plaintiff at the time of the accident was twenty-two years of age and was a student at Pacific University.

■ The complaint contains a general averment of negligence following which is an enumeration of specific negligence. In this jurisdiction where both general and specific allegations of negligence are made, the latter will control: *Morton v. Wessinger,* 58 Or. 80 (113 P. 7); *Gynther v. Brown & McCabe,* 67 Or. 310 (134 P. 1186). The specific grounds of negligence charged in the complaint were (1) that defendants did not have their automobile under control; (2) that they failed to maintain a proper lookout; (3) that they were operating the automobile at an excessive rate of speed, to wit, in excess of thirty-five miles per hour; (4) that they were operating their automobile upon the left-hand side of the highway; and (4) that they negligently ran into plaintiff on the left-hand side of the highway.

Defendants answered, denying any acts of negligence upon their part, and alleged contributory negligence upon the part of plaintiff. The specific acts of contributory negligence alleged were (1) that plaintiff failed to maintain a proper lookout and failed to observe defendants' automobile although it was in plain view at the time; (2) that he stepped from a position of safety into one of danger without first looking to ascertain whether it was safe for him to proceed; and (3) that he stepped from in front of the truck into the path of defendants' automobile without giving defendants any warning of his intention so to do. This new matter was denied by the reply. Upon these issues the cause was tried to a jury and, from a judgment in favor of plaintiff, defendants have appealed.

■ The only assignments of error relied upon by defendants are errors which the defendants claim occurred

in the giving of certain instructions and in the refusal of the court to give others requested by the defendants. Defendants predicate error upon an instruction given which reads as follows:

"It was the duty of the defendants to drive their automobile in a careful and prudent manner and at a speed not greater than is reasonable and proper and no person is permitted to drive an automobile at such a speed as to endanger the life, limb or property of any person and if defendants failed to comply with this rule of law they would be negligent and if this was the proximate cause of plaintiff's injuries and plaintiff was not negligent then your verdict should be for the plaintiff."

Defendants contend that this instruction was in respect to a matter not in issue and was not applicable to the facts proven. That defendants did not have their car under control at the time of the accident was one of the grounds of negligence alleged in the complaint and that it was applicable to the facts proven is manifest from a mere reading of the evidence offered upon the trial, but defendants' principal objection to this instruction we think is wholly untenable. They contend that because there was a specific allegation in the complaint that defendants, at the time, were operating their automobile at an excessive, and what was then an unlawful, rate of speed, to wit, more than thirty-five miles per hour, they had a right to rely upon this specific allegation as the particular ground upon which plaintiff must recover, if at all, and that an instruction such as the one given, which would have been applicable even though defendants were driving at a much less rate of speed than thirty-five miles per hour without having their car under control, was prejudicial. They base this contention wholly upon the case of *Hoagland v. Dunham,* a decision rendered by the Kan-

sas city court of appeals of Missouri, reported in 186 S. W. 1145. That decision and also another decision of the same court, that of *Davis v. Kansas City Rys. Co.,* 199 Mo. App. 621 (204 S. W. 592), were overruled upon this very point by the Supreme Court of Missouri in *Bradley v. Becker,* 296 Mo. 548 (246 S. W. 561). The instruction objected to by defendants in the instant case was within the issues and correctly stated the law applicable to the facts proven.

Defendants predicate error upon the court's refusal to give each of the following instructions:

"I instruct you that before a person leaves a position of safety and proceeds to cross or travel upon the paved and main traveled portion of a highway, it is his duty to look to the right, to the left and in front of him to ascertain whether or not there are vehicles whose continued progress might endanger his safety. If you should find, in the instant case, that the plaintiff was in a position of safety and out of the path of the defendant's automobile, and did step from said position of safety upon the traveled and paved portion of the highway, and did attempt to cross the same without first looking ahead and/or to his right or to his left, and that by reason of his failure to look, if you shall find such a fact to have existed, he suffered the injury of which he complains, it is your duty to return a verdict for the defendants and against the plaintiff.

"I instruct you that if you shall find from the evidence that the automobile of the defendants was at a point where it would have been dangerous for plaintiff to step into its path, and that the said plaintiff either failed to look or see said automobile, if the same was in plain sight, or failed to look at all, or looked and did not see said automobile, if the same was in plain sight and could have been seen, but heedlessly stepped into the path of said automobile and by reason thereof was struck and sustained injuries by reason of said collision, then he was himself guilty of negligence and cannot

recover in this action, and it would become your duty to return a verdict for the defendants and against the plaintiff.

"You are instructed that a pedestrian is bound to look in the direction from which danger is to be apprehended. If you shall find from the evidence that plaintiff was walking from the northerly to the southerly side of the highway, the direction from which he could apprehend danger would be not only from his right and to the west but also from his left and to the east, for the reason that a person has a right to pass to the left of an automobile which is stopped alongside of or upon the highway."

Among the instructions given by the court was the following:

"Now, gentlemen of the jury, one of the issues in this case for you to determine is whether or not the plaintiff was guilty of negligence in failing to keep a proper or any lookout for his own safety. Now, in this connection, you will determine from the evidence whether the plaintiff made or kept such a lookout for his own safety as would have been made or kept by an ordinarily prudent person. If you find from the evidence that he did keep such a lookout for cars traveling on and along the highway as would have been made or would have been kept by an ordinarily prudent person, then the plaintiff would not be guilty of negligence in this respect. But if you find that he failed to make or keep such a lookout as would have been made or kept by an ordinarily prudent person, then he would be guilty of negligence. And if you find that he was so guilty of negligence in this respect and that such negligence contributed proximately to the accident, then the plaintiff cannot recover and your verdict must be in favor of the defendants.

"Now, gentlemen of the jury, the rights and the duties of drivers of automobiles and pedestrians upon the public highways of this state are equal and reciprocal. Each has the right to the reasonable use of the

public highway, and it is the duty of each to use and exercise reasonable care to avoid colliding one with the other.''

It is the duty of the court, when properly called upon, to declare the law applicable to the case. And each party is entitled to have the jury instructed on his theory of the case, if within the issues and if there was any evidence to sustain an instruction thereon: *Fiore v. Ladd,* 25 Or. 423 (36 P. 572); *Farmers' National Bank v. Woodell,* 38 Or. 294 (61 P. 837, 65 P. 510); *Lewis v. Craft,* 39 Or. 305 (64 P. 809); *State v. Smith,* 43 Or. 109 (71 P. 973); *State v. Teller,* 45 Or. 571 (78 P. 980); *Van Orsdol v. Hutchcroft,* 83 Or. 567 (163 P. 978); *Schrunk v. Hawkins,* 133 Or. 160 (289 P. 1073), and cases there cited. Blashfield lays down the following rule:

''Where there is any evidence, however slight, to sustain a legal claim or a legal defense, the party introducing such evidence has a right to have it submitted to the jury by appropriate instructions; and when an instruction is submitted, based upon evidence in the case, and stating correctly a principle of law applicable to such evidence, and not covered by any instruction given, it is error to refuse the instruction, however meager the evidence to sustain the hypothesis contained in it'': 1 Blashfield's Instructions Juries (2d Ed.), § 185.

The instruction which the court gave, although general in terms, contained a correct, clear and terse statement of the law applicable to the facts proven and it was so worded that its language and meaning could be easily understood by the jury. However, it contained no particular and specific reference as to how and when a pedestrian must look in crossing a public highway. The direction given was that it was the duty of plaintiff to keep a proper lookout and that if the evidence showed

that he had failed to keep such lookout, he could not recover. The instruction given also defined what would constitute a proper lookout and told the jury that it would be such a lookout as a reasonably prudent man would exercise while crossing a public highway under the same or similar conditions. The jury of their own knowledge knew that it would be the height of imprudence for any person to cross a highway without first ascertaining whether cars were approaching from either direction that might cause him injury. They were familiar, as a matter of common experience, with the danger under modern conditions of crossing a public highway and they could apply to the facts of the case the general instruction of the court as accurately and with as due regard to the rights of the parties as they could have done if the requested instructions, which were more specific and particular, had been given to them. The facts of the case were all in evidence and the parties were represented by able counsel. Presumably, therefore, every legitimate inference which could be drawn from the evidence had been discussed and explained in the arguments of counsel. Again, when an instruction containing the same thought is given over and over again to a jury, if the instructions were specific as the requested ones were, it is more apt to confuse the jury and unduly emphasize some matter in evidence. For these reasons, we think it was not error for the court, having fully stated the principle of law which was applicable to the case, to refuse to give the requested instructions.

Defendants complain also of the court's refusal to charge the jury that:

"The defendants cannot fairly and reasonably be charged with negligence in failing to stop their automobile and avoid the accident if it appears that the

plaintiff suddenly moved into and upon the paved portion of the highway and walked directly in front of or against said defendants' automobile without fault on the part of said defendants, for under such conditions the result could hardly have been other than disastrous regardless of the rate of speed of the defendants' automobile. Under such circumstances the plaintiff cannot recover and it becomes your duty to return a verdict for the defendants.''

and also to the court's refusal to charge the jury as follows:

''I instruct you, if you shall find that the plaintiff, without fault or negligence on the part of the defendants, suddenly and unexpectedly appeared immediately in front of said defendants' automobile, that the accident was an unavoidable one, so far as the defendants were concerned, for upon such appearance no precaution could have prevented the accident, and it becomes your duty to return a verdict for the defendants and against the plaintiff.''

 It was the duty of defendants when they saw the truck stop on the edge of their side of the highway, if their automobile was not then under control, to immediately bring it under control and to keep it so while passing the truck and to take every reasonable precaution to prevent injuring any person who might get off the truck and attempt to cross the highway in front of them. If defendants failed to exercise such reasonable care and injury resulted to plaintiff therefrom, defendants themselves would be guilty of negligence even though the party injured could not recover because of his own negligence. For the court to charge the jury as requested in the first of these instructions that, under the conditions named, ''the result could hardly have been other than disastrous regardless of the rate of speed of defendants' automobile,'' would have been

misleading because the rate of speed at which defendants' automobile was traveling at the time of the accident was one of the important features of the case which, under the evidence, the jury was bound to consider in determining their verdict. If defendants' automobile had been traveling at a low rate of speed, the accident might not have happened even though the other conditions stated in the instruction had been present. The phrase that "the result could hardly have been other than disastrous regardless of the rate of speed of defendants' automobile" was also objectionable because purely argumentative in its nature and relating to an inference which the jury might or might not have drawn from the evidence. Phrases of that character have no legitimate office in an instruction.

■ The second requested instruction was also objectionable. The effect of it was that if plaintiff, without fault and negligence of defendants, suddenly and unexpectedly appeared immediately in front of defendants' automobile, the accident was unavoidable so far as defendants are concerned "for upon such appearance no precaution could have prevented the accident." In a case where a person darts out between automobiles parked on a busy street in such proximity to an approaching automobile that it is impossible to avoid hitting him, or in a case where a person is driving on the right-hand side of a country road and some person darts out immediately in front of his automobile from brush growing along the side of the road, or from a place where the driver's view is obstructed, and in such close proximity to the automobile that no precaution will prevent hitting him, an accident is unavoidable upon the driver's part. In cases of that character the elements present which relieve the driver of negligence are that he could not have anticipated that any one

would dart out in front of his automobile and that nothing which he could have done before the accident would have prevented its occurrence. One of those elements at least was not present in the instant case. For these reasons we think that it was not error for the court to refuse to charge the jury as requested.

Upon the question of whether the defendants were liable for the injuries sustained by plaintiff, the court instructed the jury that if plaintiff's own negligence contributed to his injury he could not recover and that if plaintiff himself was not guilty of contributory negligence, defendants would not be liable unless they themselves were negligent and such negligence was the proximate cause of the injury.

Finding no error in the record, the judgment appealed from must be affirmed.

Rossman and Kelly, JJ., absent.