HAROLD SENNETT *vs.* NONANTUM COAL COMPANY.

Middlesex.    November 14, 15, 1933. — November 17, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Negligence,* Motor vehicle: defect due to crystallization.

At the trial of an action for personal injuries against the owner of a
motor truck, a finding of negligence on the part of the defendant was
not warranted by evidence showing merely that the defendant had
owned and used the truck for three years; that the usual expectancy
of life of such a truck was seven years; that it was in fair condition;
that the plaintiff's injuries resulted when, the axle of the truck having
broken because of crystallization, a wheel came off, rolled ahead of
the truck and struck him; and that previous to such occurrence there
had been no objective indication of any defect in the wheel or axle:
there was no evidence that the defendant had any reason to believe
that the truck was dangerous for use or that the axle was defective,
or that a reasonable inspection would have disclosed the condition of the
axle.

TORT.    Writ dated January 19, 1931.

The action was tried in the Superior Court before *Fos-
dick,* J. Material evidence is stated in the opinion. The
judge ordered a verdict for the defendant. The plaintiff
alleged an exception.

*H. S. Boyd,* for the plaintiff.

*E. A. Hudson,* for the defendant.

RUGG, C.J.    The plaintiff in this action of tort seeks to
recover compensation for personal injuries received while
on a public way in this Commonwealth. The defendant
owned and had used in its business for three years a truck.
The usual expectancy of life of such a truck was seven
years. It was in fair condition. On the day in question
an employee of the defendant, who was the driver of the
truck, stopped at a garage because something was wrong
with the truck. For the purpose of making a test the
service manager of the garage operated the truck for about
a thousand yards and formed the opinion that there was

motor trouble.   As he was driving back to the garage, a wheel of the truck came off, rolled ahead and injured the plaintiff.   It is stated in the exceptions: "The wheel separated from the truck because the axle broke.   The wheel in question had been firmly and properly fixed to the axle and when power was applied, the axle turned and revolved the wheel.   The break occurred in that part of the axle which was fitted into the wheel.   Prior to the accident there was no objective evidence of a defect in the axle or wheel.   The manner of operation of the truck at the time of the accident was reasonable and proper. The axle broke because of crystallization.   This is the result of repeated blows on the axle from the jerks of starting and stopping, of going over jounces, of bumping over holes in road and uneven street pavements, by backing into or hitting curbstones, and by the stresses and strains in the usual course of running automobiles."

There is nothing in the record to show negligence on the part of the defendant.   There was no evidence that it had any ground for belief that its truck was dangerous for use or that it had any knowledge or reason to think that the axle was defective or that reasonable inspection would have disclosed its condition.   The mere use of the truck for three years did not render the defendant liable for such an unusual accident as this in the light of present common knowledge as to motor vehicles.   *Bolin* v. *Corliss Co.* 262 Mass. 115.   The happening of the accident in these circumstances did not indicate negligence.   *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124, 126.

*Exceptions overruled.*