Argued January 6; affirmed February 9; rehearing denied March 9, 1937

COSGROVE *v.* TRACEY ET AL.

(64 P. (2d) 1321)

[1]

*Harry G. Hoy*, of Portland (Hoy & Doxey and Arthur E. Prag, all of Portland, on the brief), for appellant.

*W. H. Morrison* and *Donald K. Grant*, both of Portland (Maguire, Shields & Morrison and Donald K. Grant, and Charles Redding, all of Portland, on the brief), for respondents.

■ BEAN, C. J. Upon the trial of the case plaintiff offered in evidence the testimony of one C. E. Werlein, taken at a former trial of the same case, for the reason that Werlein was out of the state. The court admitted the portion of his testimony that it deemed material and excluded a portion thereof. Some of the evidence so tendered contained immaterial matter and was offered as a whole to the trial court. This, we think, was properly refused to be admitted in evidence in its entirety. The court is under no duty to sort out admissible matter, but when a portion of such testimony is incompetent may reject the testimony as a whole: *Paine v. Meier & Frank Co.*, 146 Or. 40, 45 (27 P. (2d) 315, 29

P. (2d) 531); *Taylor v. Taylor,* 54 Or. 560 (103 P. 524); 64 C. J. 131, § 150. Werlein testified as an expert and explained in regard to the front part of a Ford automobile of this model. He testified in regard to a bent drag-link, bent spindle-arm or steering arm, and was asked:

"Q. But would that, or would it not render the car dangerous for driving, if that were simply taken out and bent?

A. No, sir, it would not affect the safety of the car."

He also testified:

"Q. Now, if you would find, if the mechanic finds one part bent, as for instance, the drag-link or a spindle-arm, could you tell the condition, that is to say, would that be all that would be necessary, that is to say, just to look at that, to determine the condition of the front assembly of the car?

A. No; I would say if one of those parts were found bent, it would certainly call for a very careful examination of the rest of the front parts of the steering mechanism of the car by someone competent to do so."

■■ Plaintiff introduced the testimony of two other expert witnesses who testified at the trial of this case, namely, Eric D. Westling and Henry Hinz. Westling was particularly interrogated in regard to the bent drag-link and spindle-arm or steering arm, so that we think all the relevant facts sought to be established by the testimony of Werlein, which was excluded, were brought out by plaintiff's expert witnesses, Westling and Hinz. The exclusion of evidence is not prejudicial where the facts are established by other witnesses; therefore the exclusion of evidence of Werlein was not prejudicial, as the facts were established by other witnesses: *Mount v. Welsh,* 118 Or. 568, 589 (247 P. 815); *Flint v. Amato,* 131 Or. 631, 635 (284 P. 183);

*Hanson v. Johnson,* 143 Or. 532, 542 (23 P. (2d) 333);
*Monner v. Starker,* 145 Or. 168, 179 (26 P. (2d) 1097);
4 C. J. 1018, § 3001. This rule is particularly applicable
to opinion testimony of experts. Where other experts
are available and are called, the exclusion of opinion
evidence of one expert is harmless: *James Baird Co.
v. Boyd,* 41 F. (2d) 578, 583; *Vallejo & N. R. Co. v.
Reed Orchard Co.,* 169 Cal. 545 (147 P. 238, 252);
*Mississippi Power & Light Co. v. Jordan,* 164 Miss.
174 (143 S. 483); *In re West Marginal Way,* 109 Wash.
116, 122 (186 P. 644, 646).

■ Defendants also urge that this witness Werlein
was called out of order at the second trial and asked
to testify as an expert in answer to hypothetical ques-
tions based on facts which plaintiff's counsel offered
to prove later, in order to connect up the questions
with the facts as he claimed they existed, that is, to
furnish the factual foundation for the hypothetical
questions; and to testify as to the defective condition
of the car two years after the accident upon the promise
of plaintiff to furnish the necessary connecting testi-
mony to show that the car was in the same condition
as it was at the time of the accident. The objections to
this testimony were reserved until the connecting evi-
dence had been supplied, but a mistrial was declared
and the trial was terminated before the connecting
testimony was provided. Much of the proffered testi-
mony of Werlein was irrelevant and immaterial on
account of want of the connecting proof of the factual
foundation on which the hypothetical questions were
based, which was never supplied. We find no error in
failing to admit that portion of Werlein's testimony
which was rejected. We think the court adopted a
liberal rule in admitting the testimony of Werlein.

■ Plaintiff assigns that "the court erred in refusing to admit expert testimony as to the condition of the car and the cause of the accident". This assignment refers to proffered testimony where plaintiff sought to prove that the clutch housing was broken or cracked. It occurs to us that this is a matter of fact and not a matter of opinion. No explanation that we find is given why they did not examine the clutch housing to ascertain whether it was broken or not. The testimony tends to show that the car was thereafter driven, as estimated, "from five to seven or eight thousand miles" without the clutch housing being changed, indicating that the housing was not broken or cracked, but, be that as it may, it was not a matter for an expert witness to state, who was not acquainted with the car and knew nothing about it. It was a fact to be proven instead of eliciting an opinion in regard to the matter.

■ Hypothetical questions should not be so framed as to give the witness occasion or opportunity to decide upon the evidence or directly seek an opinion of a witness on the merits of the case. The opinion of an expert should be based upon the facts shown or assumed: Rogers on Expert Testimony, (2d Ed.) 69, §§ 27 and 28; *Lehman v. Knott,* 100 Or. 59 (196 P. 476); *Maynard v. Oregon R. Co.,* 43 Or. 63, 73, 74 (72 P. 590).

If plaintiff for any valid reason desired to show the condition of the clutch housing, although not specified in the complaint, with a view to amending the complaint to conform to the facts, it should be shown as a matter of fact and not merely as an opinion of an expert.

■■ One of the questions asked of an expert was: "What might cause the car to steer easily or quickly or

lightly, go over easy?'' The question was objected to as not being based on the evidence and dealing entirely with speculation, defendants contending that expert testimony was limited to passing upon the testimony of other witnesses in the case. Unless the expert witness was acquainted with the facts himself, this rule should be applied. Plaintiff offered evidence in regard to the clutch housing of a Ford automobile, which, upon objections by defendants, was excluded as not within the issues. There was no error in such ruling.

■ Plaintiff assigns that the court erred in permitting the witness Alford to testify that the defendants were not insured. We do not understand the testimony of the witness Alford to be to that effect. It appeared that the wrecked car was towed in at the instance of a Mr. Murphy whom the witness knew to be an insurance agent. The witness testified why Murphy's name appeared on the repair shop order instead of the name of Masten or Tracey, over objection of counsel for plaintiff, as follows:

''A. Well, Mr. Murphy called me that morning and asked me if I could reasonably get that car towed in from Sandy, and mentioned the man's name, and I didn't get it at the time. That is the reason why I was forced to put Mr. Murphy's name down on the shop order at the time the car arrived, because I hadn't seen either of them since. He did tell me, due to the fact that he has called me before in his insurance activities, that this wasn't an insurance job, it was a private job and a friend of his, was why he was trying to get the car into Portland as reasonable as possible.''

To this answer a motion to strike was made and allowed and the jury was instructed to disregard this evidence. No motion for a mistrial was interposed. We find no error in this respect.

■ Plaintiff assigns that the court erred in instructing the jury in regard to the proof of the defect that caused the car to overturn. The court referred to the defects claimed in the Ford, which the evidence tended to show, namely, "that (1) the drag-link was bent and protruded, (2) that the steering-arm or spindle-arm was bent, (3) that the car steered lightly and went over with a bang," and instructed the jury, in effect, that if they found these conditions existed, if one or more of these conditions existed, and that the defendants, or either of them, knew or should have known of it, they must find that some one or more of these conditions caused the car to overturn and that one or more of these conditions was the proximate cause of the car overturning before plaintiff would be entitled to recover. Plaintiff, as we have noticed, specified the defects in the car in his complaint. At page 5 of plaintiff's brief, we find a list of the claimed defects, as follows: (1) the radius-rod was bent; (2) bent drag-link; (3) bent spindle-arm; (4) defect in steering apparatus. It was the contention of defendants in the case, and there was testimony tending to show, that the car was not defective in the respects claimed and that the proximate cause of the accident was the manner in which it was driven by plaintiff, that he went to sleep at the wheel, driving the car first on the left side of the road and then turning quickly to the right, which caused the car to turn over. Under these circumstances it seems proper for the court to instruct the jury in effect that they must find one or more of the alleged defects of the car caused the car to overturn, or was the proximate cause of the car overturning, in order for plaintiff to recover.

We think the instruction of the court properly limited the jury to the consideration of the only defects

or abnormal conditions of the car of which there was any evidence of knowledge, either actual or constructive, on the part of defendants. The instructions referred to the facts which the testimony tended to show and did not permit speculation or conjecture on the part of the jury.

 The mere fact of an accident to a car does not of itself justify an inference of the defective condition of the car which would have been disclosed upon a reasonable inspection: *Sennett v. Nonantum Coal Co.,* 284 Mass. 390 (187 N. E. 758); *Dr. Pepper Bottling Co. v. Gordy,* 174 Miss. 392 (164 S. 236). Where a plaintiff in his complaint follows a general allegation of negligence by a more particular allegation specifying wherein the defendant was negligent, as plaintiff did in the case in hand, the plaintiff is limited to his specific allegations: *Wild v. Oregon Short-Line & U. N. R. Co.,* 21 Or. 159, 162 (27 P. 954); *Robinson v. Taku Fishing Co.,* 42 Or. 537, 540 (71 P. 790); *Morton v. Wessinger,* 58 Or. 80, 84 (113 P. 7); *Gynther v. Brown & McCabe,* 67 Or. 310, 316 (134 P. 1186); *Snabel v. Barber,* 137 Or. 88, 91 (300 P. 331). As stated in *Boyd v. Portland Electric Co.,* 41 Or. 336, 344 (68 P. 810):

"But if the plaintiff chooses to narrow and circumscribe his cause of action, and specify and particularize the cause of the parting of the wires, and its consequent suspension upon the street, he thereby limits the inquiry to the cause designated, and none other is pertinent or can be entertained at the trial; but this does not destroy the utility or applicability of the maxim *res ipsa loquitur,* if the facts proven speak of the negligence charged. It might be much restricted and limited in its utility, but it will speak none the less within the scope of the allegations of the complaint. * * * The fact that the pleadings are restrictive lessens the burden of the defendant, as it has notice of the particular matters of presumptive negligence, and as to this must explain, and thus rebut the inference."

■ Proof of negligence alone does not give rise to a cause of action, but the negligence complained of must have been the cause of the injury: *Atchison, T. & S. F. R. Co. v. Toops,* 281 U. S. 351 (50 S. Ct. 281, 74 L. Ed. 896); *Atchison, T. & S. F. R. Co. v. Saxon,* 284 U. S. 458 (52 S. Ct. 229, 76 L. Ed. 397); *Louisville & N. R. Co. v. Davis,* 75 F. (2d) 849; *Phillips Petroleum Co. v. Manning,* 81 Fed. (2d) 849.

■ Plaintiff assigns error of the court in giving the following instruction: "You are instructed that the alleged statements of the defendants to the effect that they would take care of plaintiff, if you find any such statements were made, are not to be construed by you as admissions of liability in this cause." The testimony tended to show that at the time of the offer plaintiff had just been acting as a witness for defendants in an action brought against Mrs. Tracey by Masten, and had come from Toledo, Oregon, for that purpose and was paid $25. Plaintiff at that time had made no claim on account of the accident of any liability on the part of defendants. The court interpreted this offer as one of generosity, and it was indicated by the evidence that Mrs. Tracey had loaned plaintiff money and had shown him favors. After the accident, when the finance company was about to foreclose on his car, she made the payment and prevented repossession by them. It is stated in the brief that plaintiff had worked on 50 or 60 jobs for the Traceys and was an old acquaintance. While the instruction may have brushed an unimportant feature out of the case, we do not think it was reversible.

■ The court plainly stated the issues raised by the pleadings and endeavored to submit the theory of the case of each party to the jury. The gist of the court's instructions to the jury was as follows:

"So that in this case, if you find from a preponderance of the evidence that the employer or employers of the plaintiff failed to use reasonable care in furnishing the said plaintiff with reasonable safe means of transportation, and in the event that you find that there was a contract of employment which included the transportation of the plaintiff, and if you find further that the plaintiff himself was free from negligence contributing to the cause of his injury and that a reasonably prudent person would not have appreciated the danger to which he was being subjected, then and in that event your verdict must be for the plaintiff and against the defendants or defendant, as the case may be."

In considering the charge of the court to the jury we should take the same as a whole and not segregate some portion of the charge that could possibly be criticized. We think the case was fairly submitted to the jury by the instructions of the court.

■ Plaintiff complains of the following instruction given over objection and exception of plaintiff:

"If the defendant Doree Tracey agreed with plaintiff, Cosgrove, to furnish transportation, and the defendant Doree Tracey and her agent, Richardson, had no knowledge of any defects in said car, but that the plaintiff, Cosgrove, had such knowledge of any alleged defects, then it was the duty of the plaintiff, Cosgrove, to report such defects to the defendant, Doree Tracey, * * * * "

Plaintiff's contention was that there were other defects in the car than those mentioned as having been noticed at the service station at Sandy. Plaintiff had driven the car over 50 miles when they stopped at Sandy on their return from Mt. Hood, and if there had been any defect, which from inspection would have been apparent to a mechanic in driving the car, it would likely have been disclosed to the plaintiff during those

50 miles. It is not unreasonable for plaintiff to be required to report a defect, if any defect appeared in the car, if the car was furnished by Mrs. Tracey. That was all the instruction indicated. The point is not well taken.

■ Plaintiff complains because the court instructed the jury in regard to driving the car 35 or 40 miles an hour, if they found he knew it was defective, as alleged, without including the additional element "that the danger must have been appreciated by the plaintiff". We do not believe that the addition of those words to the instruction would have changed the effect of the instruction in the minds of the jury. There was no reversible error in the instruction complained of.

■ The court ruled that the Employers' Liability Act did not apply in this case. We do not understand that the action was intended to be brought under the Employers' Liability Act. There was no reversible error in the court's so ruling.

Other assignments of error and exceptions suggested by plaintiff have been carefully examined, but we find no reversible error therein.

We have read the testimony in the case with great care. The plaintiff has had the benefit of two trials before a jury and another attempted trial. After due consideration of the testimony we do not believe, if plaintiff was awarded another trial before a jury, that the result would be any different from what it was in the present case.

It appears that the case was fairly tried and submitted to the jury. The judgment of the circuit court is therefore affirmed.