Argued December 3, 1941; reversed January 20, 1942

## SWINGLEY *v.* M. F. PATTERSON DENTAL SUPPLY CO. OF DELAWARE ET AL.

(120 P. (2d) 968)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Arthur I. Moulton,* of Portland (Leonard D. Alley, and Moulton & Davis, all of Portland, on the brief), for appellant.

*Chester A. Sheppard,* of Portland (Sheppard & Phillips, of Portland, on the brief), for respondent.

KELLY, C. J. On December 20, 1939, at 7:15 p. m. plaintiff was attempting to cross Northeast Sandy Boulevard in Portland, from its southerly to its northerly side, at its intersection with Northeast 31st Avenue.

Northeast Sandy Boulevard runs in a general northeasterly and southwesterly direction and Northeast 31st Avenue runs in a general northerly and southerly direction.

Defendant Hampton was driving an automobile in a general northeasterly direction on and along said Northeast Sandy Boulevard; and in attempting to cross Northeast 31st Avenue the car he was driving collided with plaintiff causing the personal injuries for which plaintiff seeks to recover.

Among other things, defendant Hampton contended that plaintiff suddenly and unexpectedly appeared in the pathway of the automobile some distance from the pedestrian's line of traffic; and that said defendant was thereupon faced with an emergency.

For that reason, said respondent-defendant requested, and the court gave, the following instruction to the jury:

"I instruct you that if you find from the evidence in this case that the defendant, Mr. Hampton, found himself confronted by an emergency which constituted an imminent and impending danger due to the unexpected appearance of the plaintiff, Mr. Swingley, if such was the fact, the fact that in attempting to escape such imminent danger he did not turn his automobile to the right or left, or made a mistake in judgment, would not make him guilty of negligence unless his actions at such time and place were not those of an

ordinary person so faced with a like emergency. A mistake in judgment is not negligence.''

This instruction follows the language of an instruction approved by this court in *McDowell v. Hurner*, 142 Or. 611, 626, 20 P. (2d) 395, 88 A. L. R. 578, except that it omits the rule announced in the final sentence of the instruction so approved, which is as follows:

''However, if by his own negligence, Ernest Hurner brought about the perilous situation, he cannot avail himself of the benefit of this doctrine.''

In the instant case, exception was saved to the instruction given by the trial court ''upon the ground that there was no evidence of an emergency in which the defendant Hampton was placed, unless it would have been such an emergency as was due to his own negligence, and therefore the instruction is moot; and further upon the ground that the instruction as given is contrary to law in that it did not instruct the jury that if the emergency, if any, in which the defendant was placed was one due to his own negligence they were not to apply the doctrine.''

We think that the court erred in failing to limit the rule to an emergency not brought about by defendant's negligence. *Hornby v. Wiper*, 155 Or. 203, 63 P. (2d) 204; *Dickson v. King*, 151 Or. 512, 515, 49 P. (2d) 367; *Snabel v. Barber*, 137 Or. 88, 300 P. 331; 45 C. J., Subject: Negligence, p. 713, Sec. 96, and cases cited in note 79.

Defendant argues that this error was corrected or rendered ineffective by the general charge, but we are unable so to construe the instructions.

No good purpose can be gained by an outline of the record further than to say that in the record there is

evidence tending to show that plaintiff was garbed in dark clothing, the intersection was not well lighted, the plaintiff was crossing the street approximately at a right angle to the boulevard while an extension of the curb or sidewalk line of Northeast 31st Avenue on the east side from one easterly corner of the intersection to the other easterly corner thereof would be at an oblique angle to said boulevard; and the collision occurred while plaintiff was approximately halfway across the boulevard.

It is obvious that the collision would have been avoided if defendant had turned his auto from the course that it took. From this it will be seen that the above quoted instruction dealt with a very important phase of the case.

The case of *Noble v. Sears*, 122 Or. 162, 257 P. 809, is cited by defendant-respondent. In that case, this court held that, because repeatedly the trial judge had instructed the jury that the plaintiff, her husband, and defendant, were all bound by the same law to exercise that care which a reasonably prudent person would exercise under similar circumstances, the omission from the instruction specifically dealing with a sudden emergency limiting a justifiable mistake in judgment to those cases where the one making such a mistake in so doing acted as a reasonably prudent person, did not constitute reversible error.

In the case at bar, there is nothing in the instructions limiting the application of the rule pertaining to sudden emergencies to those emergencies not created by the negligence of the person invoking such rule.

Without meaning to hold that defendant was negligent as he approached or entered the intersection, for we consider that a question for the jury; but, as illus-

trative only, it may well be said that despite the fact that the jury may have deemed defendant negligent in failing to keep a proper lookout, or in having defective lighting equipment, or in driving at an excessive speed under the attendant circumstances, and, because of that negligence, when he first discovered the presence of plaintiff immediately before the impact, defendant thus found himself suddenly faced with the question of how to avoid striking plaintiff, he did the wrong thing; nevertheless, if immediately before the impact an ordinarily prudent person innocent of any prior negligence would have acted likewise, the jury would have been warranted, under the instruction as given, in finding for defendant.

We think that the issues of fact are such that this court ought not to decide them.

The judgment of the circuit court is reversed and the case remanded for such further proceedings as are not inconsistent herewith.